■ WILLIAM TERNER, Appellant, v. MILDRED TERNER, Respondent, et al., Defendant.— On this appeal from a judgment of the Supreme Court, Westchester County, entered May 21, 1974, respondent made a motion to dismiss the appeal for failure of appellant to serve a timely notice of appeal and this court made an order on August 27, 1974 (1) referring the motion to Special Term for a hearing of the disputed issues of fact with respect to said question of timeliness and for written findings of fact and (2) holding the appeal in abeyance in the interim. Such hearing has been had and such findings of fact have been made. The findings are to the effect that service of the notice of appeal was not timely. Appellant has made a motion to reject the findings and for related relief. The above-mentioned findings are hereby confirmed, appellant's motion is denied, respondent's above-mentioned motion is now granted, and the appeal is dismissed, with $20 costs and disbursements. Martuscello, Acting P. J., Shapiro, Christ, Benjamin and Munder, JJ., concur.

■ WHITE PLAINS IRON WORKS, INC., Respondent, v. PATRICIA COREY et al., Appellants.— In an action to recover upon promissory notes, defendants appeal, as limited by their briefs, from so much of an order of the Supreme Court, Kings County, dated November 20, 1973, as, on reargument, (1) adhered to the original decision denying defendants' motion to vacate a default judgment against them and in favor of plaintiff, entered on March 14, 1973, and (2) vacated a stay. Order reversed insofar as appealed from, in the interest of justice, without costs, defendants' motion to vacate the judgment granted and immediate trial ordered. The judgment was apparently in excess of the actual damages sustained, since plaintiff stopped production prior to completion of performance of the contract and is in possession of steel which is of substantial value, for which no credit was given to defendants. A new trial is therefore required at least on the issue of damages, but on the record presented we believe a full trial on all the issues is warranted. The trial should proceed forthwith. Martuscello, Acting P. J., Shapiro, Christ, Benjamin and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL J. MURELLO, Appellant.— Two judgments of the Supreme Court, Kings County, both rendered June 29, 1973, affirmed. No opinion. The case is remitted to the Supreme Court, Kings County, for proceedings to direct appellant to surrender himself to said court in order that execution of the judgments be commenced or resumed (CPL 460.50, subd. 5). Martuscello, Acting P. J., Latham, Cohalan, Brennan and Munder, JJ., concur.