■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VON MCDANIELS, Appellant. — Appeal by defendant from two judgments of the Supreme Court, Kings County (Moskowitz, J.), both rendered March 17, 1983, convicting him of attempted robbery in the first degree, robbery in the first degree and robbery in the second degree, upon his pleas of guilty and imposing sentences.

Judgments affirmed.

Criminal Term initially promised defendant three concurrent terms of 2 to 6 years for the crimes charged on the condition that he appear for sentencing and explicitly told him that "[i]f you fail to appear, all bets are off [and] [t]he police will pick you up and I will give you what I think you deserve". Thereafter, defendant failed to appear for sentencing. When he was eventually produced in court and the court learned that he had been arrested, thus preventing his appearance at the original sentencing date, the court indicated that it would no longer be bound by its promise of 2 to 6 years, that it would impose concurrent sentences of 3 to 9 years, and that it would reconsider its decision if defendant was cleared of the pending charges and returned to request reconsideration. On appeal, defendant's

principal contention is that the court erred in not giving him an opportunity to withdraw his guilty plea when it declined to adhere to the original sentence agreement.

A sentencing court need not permit a defendant to withdraw a plea where, as here, the defendant himself has failed to fulfill an explicit condition underlying the sentence agreement (*see, People v Davis,* 106 AD2d 657; *People v Murello,* 47 AD2d 528, *affd* 39 NY2d 879). There is nothing in the instant record to indicate that defendant was mistakenly or improperly arrested or that the acts he committed that led to his arrest were involuntary. In this regard, we note that defendant never availed himself of the court's offer to reconsider the sentence if he was later exonerated of the pending charges, nor does he make any claim of innocence in his appellate brief or shed any light whatsoever on the disposition of these charges.

We have considered defendant's additional contention that the sentences imposed were excessive and find the contention to be without merit. Lazer, J. P., Gibbons, O'Connor and Brown, JJ., concur.