■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD KIHM, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered May 29, 1987, convicting him of criminal possession of stolen property in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

The defendant was arrested on the charges upon which the present judgment is premised while awaiting sentence on an unrelated felony. During the plea allocution conducted on the instant matter, the court explicitly set forth that its promise of a sentence of probation, to be served concurrently with the sentence of probation imposed pursuant to the preceding felony conviction, was made on the condition that defendant not get rearrested for "any other crime or offense". Two days after the court's acceptance of the defendant's plea, he was arrested and charged with driving while intoxicated and aggravated unlicensed operation of a motor vehicle (see, Vehicle and Traffic Law § 1192 [3]; § 511). The court thereafter sentenced the defendant to the indeterminate term of imprisonment which, during the plea allocution, it had advised would be imposed if the defendant violated the conditions of the plea bargain.

The defendant, who does not seek review of the denial of his presentence motion to withdraw his guilty plea (see, CPL 220.60 [3]), contends on appeal that to impose an enhanced sentence because of a mere accusation is violative of due process. However, before the enhanced sentence was imposed, the defendant was afforded the opportunity to deny or explain his arrest (the violation of the condition the defendant accepted) which due process requires (see, People v Felix, 58 NY2d 156, 166, appeal dismissed 464 US 802). The defendant came forward with no information casting doubt on the fact of his arrest and subsequent charges so as to warrant further or more formal inquiry (cf., People v Felix, supra; People v Murello, 39 NY2d 879; see, People v McDaniels, 111 AD2d

876). The thrust of the defendant's challenge to consideration by the court of his rearrest was that to impose an indeterminate term of imprisonment because of violations of Vehicle and Traffic Law §§ 511 and 1192 "shocks the conscience". We do not agree.

The terms of the plea bargain were clear and precise. The defendant, no novice in the criminal justice system, manifested his acceptance of those terms *(see, People v Innes,* 111 AD2d 356), including the indeterminate term of imprisonment which, because of the defendant's rearrest, was thereafter actually imposed *(cf., People v Kazepis,* 101 AD2d 816). In view of the defendant's criminal background, we cannot say that the sentence was either harsh or excessive *(People v Suitte,* 90 AD2d 80). Finally, although the defendant sought vacatur of the sentence pursuant to CPL 440.20, he did not obtain leave to appeal from the denial of his motion *see,* CPL 450.15). To the extent that the defendant raises issues not brought up for review by appeal from the judgment, those issues are not properly before this court *(see, People v Drummond,* 104 AD2d 825). Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.