■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN GORHAM, Appellant.—Appeal by the defendant, as limited by his brief, from a sentence of the Supreme Court, Queens County (Eng, J.), imposed February 10, 1989, upon his conviction of criminal sale of a controlled substance in the third degree, upon his plea of guilty, the sentence being an indeterminate term of one to three years imprisonment.

Ordered that the sentence is affirmed.

The defendant contends that the trial court improperly

imposed an enhanced sentence upon his present conviction of criminal sale of a controlled substance in the third degree based upon its mistaken belief that he had a prior felony conviction when in fact that conviction had been reversed on appeal *(see, People v Gorham,* 60 AD2d 892). Contrary to the defendant's contention, however, the record of the sentence proceeding herein clearly indicates that the court imposed an indeterminate sentence of one to three years imprisonment, rather than 60 days incarceration plus five years probation as had been agreed upon at the plea proceedings, not because the defendant was a predicate felon, but because he had absconded from the State and was returned for sentencing on a bench warrant. The defendant was expressly warned that his failure to appear for sentencing would result in a harsher sentence. Thus, his failure to heed the court's warning justified the imposition of a greater sentence *(see, People v Asencio,* 143 AD2d 917).

We note that the People's contention that the sentence issue is not properly before this court is without merit, notwithstanding that it was the subject of a previous defense motion pursuant to CPL 440.20. Although this court denied the defendant's prior application for leave to appeal from an order denying his motion pursuant to CPL 440.20 to vacate the sentence, and leave to appeal would otherwise be necessary (CPL 450.15 [2]) to obtain appellate review of matters *dehors* the record brought up on post-judgment motions pursuant to CPL article 440 *(see, People v Mosca,* 131 AD2d 704), where, as here, the issue is one of record which is brought up for review on an appeal from the final judgment (CPL 470.05 [2]; 470.15 [1]; *see, People v Kihm,* 143 AD2d 199), it is properly before this court on the defendant's direct appeal. Mangano, P. J., Brown, Sullivan, Harwood and Miller, JJ., concur.