■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MALATESTA, Appellant.—Appeal by the defendant from two judgments of the County Court, Suffolk County (Mazzei, J.), both rendered March 9, 1990, convicting him of burglary in the third degree under Indictment Number 1814/88, and criminal possession of stolen property in the third degree under Indictment Number 391/89, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant contends that the County Court erred by not affording him an opportunity to withdraw his pleas of guilty before imposing sentences higher than those originally negotiated in the plea agreement. Although that is the usual rule (see, *Santobello v New York*, 404 US 257), it does not apply in the instant case. Taken as a whole, the record indicates the clear intent of the court to condition the promised sentences upon the defendant's appearance on the date scheduled for sentencing. Because defendant failed to appear on the scheduled date, the court was no longer bound by its promise and was free to impose higher sentences (see, *People v Parker*, 172

AD2d 697 [decided herewith]; *People v Gamble,* 111 AD2d 869; *People v McDaniels,* 111 AD2d 876). Thompson, J. P., Kunzeman, Eiber, Rosenblatt and Ritter, JJ., concur.