■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM PARKER, Appellant.—Appeal by the defendant, as limited by his brief, from a sentence of the Supreme Court, Kings County (Starkey, J.), imposed December 5, 1988, the sentence being an indeterminate term of 5 to 10 years impris-

onment upon his conviction of criminal sale of a controlled substance in the fourth degree, after a plea of guilty.

Ordered that the sentence is affirmed.

We find that the defendant was properly sentenced in accordance with his plea agreement (see, People v Kazepis, 101 AD2d 816), which was predicated upon his not being arrested until his scheduled sentencing, appearing for the sentencing as scheduled, and cooperating with the Probation Department. Thereafter he was arrested twice, for grand larceny in the fourth degree and for criminal sale of a controlled substance in the third degree, and he missed three sentencing dates—twice because he was incarcerated on new charges, and once because he was allegedly unaware of the adjourned sentencing date. He therefore violated the express conditions of the plea agreement, and the court properly imposed an enhanced sentence (see, People v Selikoff, 35 NY2d 227, cert denied 419 US 1122; People v Headley, 150 AD2d 490; People v Sharlow, 116 AD2d 603; People v McDaniels, 111 AD2d 876, 877). The fact that the proceedings with respect to the new charges were adjourned in contemplation of dismissal does not alter this result, as those new charges had not been finally dismissed as of the date of the defendant's sentencing (see, CPL 170.55 [2], [7]), and an adjournment in contemplation of dismissal is not an adjudication on the merits (see, Hollender v Trump Vil. Coop, 58 NY2d 420). We further note that, although the defendant was encouraged at the sentencing proceeding to explain his arrests as well as why he had not inquired as to his new sentencing date, the defendant failed to proffer any credible explanation (cf., People v Kihm, 143 AD2d 199). Mangano, P. J., Brown, Sullivan, Harwood and Miller, JJ., concur.