■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLA M. GIANFRATE, Appellant. [596 NYS2d 933] —Yesawich

Jr., J. Appeals (1) from a judgment of the County Court of Broome County (Smith, J.), rendered February 25, 1992, convicting defendant upon her plea of guilty of the crime of robbery in the second degree, and (2) by permission, from an order of said court, entered April 3, 1992, which, *inter alia,* denied defendant's motion pursuant to CPL 440.20 to set aside the sentence, without a hearing.

During the early morning hours of January 7, 1991, the Best Western Motel in the Village of Johnson City, Broome County, was robbed. Shortly thereafter defendant's car, which matched the description of a vehicle which had been seen leaving the scene of the crime, was stopped and its occupants questioned. As a result of this questioning and other evidence which was found linking the car to the crime, defendant was asked to proceed to the police station for further interrogation, and did so. She was ultimately arrested as an accomplice to the robbery and a warrant was obtained to allow a search of her car, both for evidence from the vehicle itself which could tie it to the scene of the crime and also for items purportedly used in another robbery of the same motel committed a week earlier. One of the other occupants of the vehicle, a codefendant, was identified in a lineup by the robbery victim as the person who had actually perpetrated the holdup.

Defendant was indicted for robbery in the second degree and subsequently moved for suppression of the statements she made at the police station and for a ruling that the search warrant was invalid for lack of probable cause; both motions were denied. Defendant subsequently pleaded guilty to the charge with the expectation that she would receive an agreed-upon sentence of 3 to 6 years in prison. County Court made it clear, however, that defendant could receive a more severe sentence if she failed to appear for sentencing; when she did in fact fail to appear, defendant was sentenced as a second felony offender to a prison term of 6 to 12 years. Defendant's subsequent motions to set aside the conviction and sentence were denied without a hearing. Defendant appeals this decision, as well as her conviction.

Initially, we note that defendant's postconviction motions were properly denied, as they were based on the details of the plea allocution and sentencing that were already on the record *(see,* CPL 440.10 [2] [b]; *People v Hill,* 146 AD2d 823, 826, *lv denied* 73 NY2d 1016).

Defendant's arguments, that the police officers who initially

stopped her vehicle did so without reasonable suspicion and that nothing occurred after the stop to create probable cause for defendant's arrest or for the issuance of a search warrant, are unconvincing. Testimony at the suppression hearing established that immediately after the robbery a dark, two-door vehicle, described as either a Chevrolet Monte Carlo or a Pontiac Grand Prix, was observed leaving the crime scene and heading onto State Route 201 in the direction of State Route 17 east. This description and direction of travel were broadcast over the police radio at that time and within several minutes defendant's car, a dark, two-door Pontiac Grand Prix, was spotted in a location consistent with the direction of travel reported and the elapsed time. Because there was little traffic on the roads, the similarity in description and expected location constituted "articulable facts" sufficient to induce a reasonable suspicion that the car's occupants were involved in the robbery (see, People v Cantor, 36 NY2d 106, 113; People v Gleeson, 161 AD2d 902, 904).

After the car was stopped the occupants were questioned by a police officer, who testified that he noticed that one of the passengers smelled of alcohol and that all the occupants were wearing jeans. These were two of the traits of the robber that had been described by the victim and broadcast over the police radio. This justified further questioning, and a brief search of the car which was thereafter undertaken with defendant's permission.

A few minutes later, the police officer who had stopped the car received a report that a green army jacket, matching the description given by the victim as the jacket worn by the assailant, had been found only a few hundred yards from the stopped vehicle. The officer also observed an unusual accumulation of fresh dirt on the rear bumper of the car for which defendant had no explanation. Considered along with the evidence already outlined, these facts support a reasonable belief that the car and its occupants were involved in the robbery and thus constitute probable cause for both the search of the car and the arrest of its occupants (see, People v Bigelow, 66 NY2d 417, 423; People v Rowles, 176 AD2d 1074, 1075, lv denied 79 NY2d 831; People v Riley-James, 168 AD2d 740, 742, lv denied 77 NY2d 966). Asked to accompany the officers to the police station for further questioning, defendant did so. At the station, the officers discovered that several other items described by the robbery victim as having been worn or carried by his assailant—a blue and white hat, a stocking, gloves and the gun used in the robbery—had been found

discarded along the path between the motel and the location at which defendant's car was stopped, and that a dirt embankment near the motel had been recently disturbed. As the manner in which this robbery was executed was similar to that employed during the robbery which had taken place a week earlier at the same motel, ample justification was provided for issuance of the search warrant.

Unavailing also is defendant's contention that she had a right to have her attorney present at the lineup in which her codefendant was identified. Defendant asserts that because she was charged as an accomplice, her interests are identical with those of the codefendant, i.e., if he did not commit the crime, then she is not guilty. Therefore, defendant claims, she has an interest in exposing any deficiencies in the lineup procedure. We are unpersuaded.

The only person having a right to counsel at a lineup is the suspect or defendant that is to be identified (see, *People v LaClere,* 76 NY2d 670; *People v Coates,* 74 NY2d 244). In our view, defendant's right to have counsel present at every critical stage of the prosecution does not extend to the right to have counsel at a codefendant's lineup; defendant's rights respecting the conduct of that lineup are adequately protected by the ability to cross-examine those who were present at the identification, thus ensuring her right to a fair trial.

Additionally, defendant argues that her inadvertent failure to appear at the sentencing does not justify imposition of a sentence twice that which she was promised, and that she should have been given an opportunity to withdraw her plea rather than accept the lengthier sentence. It is well established, however, that reasonable conditions may be placed on a plea bargain (see, *People v Murphy,* 142 AD2d 776, 777; *see also, People v Outley,* 80 NY2d 702), and defendant was clearly informed that her appearance at sentencing was such a condition. Thus, her failure to appear justified imposition of the more severe sentence (see also, *People v Malatesta,* 172 AD2d 692, 692-693; *People v Chevalier,* 92 AD2d 944). To the extent that defendant relies on *Innes v Dalsheim* (864 F2d 974, *cert denied* 493 US 809), we note that the present case is factually distinguishable in that defendant was not told merely that she was facing the possibility of a sterner sentence, but that she indeed was going to be subject to such a penalty; no mention was made of a trial, and nothing was said that could have led defendant to believe that she would be permitted to withdraw her plea (see, *People v Gibbs,* 161 AD2d 661, 663). Lastly, we

have considered and find no merit in the other arguments advanced by defendant.

Weiss, P. J., Levine, Crew III and Mahoney, JJ., concur. Ordered that the judgment and order are affirmed.