■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK JACKSON, Appellant. [640 NYS2d 162]

The defendant had been rearrested on another charge after his plea of guilty had been entered in the present case and, as he had been warned at the time of that plea, this circumstance exposed him to the possibility of a sentence more severe than that which had formed the basis of his plea bargain. Prior to the imposition of sentence, and prior to the court's making of the remarks quoted in the memorandum of our dissenting colleague, the defendant's attorney had an opportunity to articulate the type of challenge to the validity of the post-plea arrest as would have warranted further inquiry pursuant to the rule announced in People v Outley (80 NY2d 702). Instead, defense counsel merely commented that the complaining witness in the subsequent case had, on prior occasions, been a client of the Legal Aid Society. This, in our view, is not a challenge to the validity of the arrest, and hence the defendant's present claim is not preserved for appellate review. We note, moreover, that the sentencing court, in addition to making the comments focused upon by our dissenting colleague, also stated for the record that the defendant had been given the benefit of an adjournment in contemplation of dismissal in connection with the subsequent arrest out of consideration for the fact that he faced sentencing in the present matter. Under these circumstances, the judgment appealed from is affirmed. Bracken, J. P., O'Brien, Ritter and Friedmann, JJ., concur.

Goldstein, J., dissents and votes to vacate the sentence and

remit the matter to the Supreme Court, Richmond County, for resentencing, with the following memorandum: I believe that the defendant did attempt to challenge the validity of his post-plea arrest, which resulted in an adjournment in contemplation of dismissal. However, his efforts were repeatedly foreclosed by the sentencing court.

As noted by the majority, when the defense counsel attempted to relate the facts underlying that arrest, he was only able to comment that the complainant had been a client of the Legal Aid Society, when the court cut off further comment by stating:

"I am not even going into the merits of the case.

"Don't tell me about who he assaulted.

"The fact is when he pleaded guilty, he was released for sentence.

"He was told if you are arrested for the commission of any other crime, among other things, you face five to fifteen years in jail. That is it.

"Don't plead the other case to me. I am not interested."

The defense nonetheless managed to say that the case was not "a good case by the People" because the matter was adjourned in contemplation of dismissal. The court noted that "[t]hat is not a dismissal of the charges", and then cut off further inquiry on the subject. After sentence was imposed, the defense counsel attempted to address the court, but the court responded "Please don't interrupt me". At the conclusion of all proceedings, the defense counsel again attempted to address the court, but the court responded, "Nothing further".

Under these circumstances, the fact that the defense counsel was permitted to utter a few words did not constitute a sufficient opportunity to challenge the validity of the arrest. Indeed, the sentencing court persistently and unjustifiably precluded the defense counsel from addressing that issue.

An adjournment in contemplation of dismissal is not an adjudication on the merits in either the People's or the defendant's favor (see, Hollender v Trump Vil. Coop., 58 NY2d 420). Thus, the defendant still could have challenged the validity of the arrest (see, People v Outley, 80 NY2d 702, 713). Accordingly, the matter must be remitted for resentencing, to afford the defendant an opportunity to address the issue of the validity of the arrest (cf., People v Parker, 172 AD2d 697).