■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH J. WHITTAKER, Appellant. [685 NYS2d 130] —Mikoll, J. P. Appeal from a judgment of the County Court of Schoharie County (Lamont, J.), rendered December 22, 1995, convicting defendant upon his plea of guilty of the crimes of assault in the second degree and criminal possession of a controlled substance in the fifth degree.

Defendant pleaded guilty to assault in the second degree in satisfaction of a multicount superior court information, waiving his right to appeal. When the plea was entered, County Court agreed to impose a sentence of six months in jail and five years of probationary supervision. The commitment was conditioned upon, *inter alia*, defendant's committing no Penal Law violations before the sentencing date. In the interim, however, defendant was arrested on a new charge. Defendant then agreed upon a disposition involving the new charge and a revised sentencing commitment on the assault charge. He subsequently pleaded guilty to criminal possession of a controlled substance in the fifth degree in satisfaction of the new charges, waiving his right to appeal, and was subsequently sentenced to negotiated concurrent terms of 1 to 3 years in prison on the assault conviction and 2 to 6 years on the drug charge. He now appeals, challenging the validity and severity of the sentences imposed.

We affirm. Contrary to defendant's arguments, County Court did not err in imposing a more severe sentence on the assault charge upon defendant's breach of the conditional sentencing agreement (*see, People v Gianfrate*, 192 AD2d 970, 973, *lv denied* 82 NY2d 718). County Court clearly indicated that its original sentence commitment was conditional and, in the event one of the conditions were breached, it would not be bound by its sentencing commitment but that defendant would still "stand convicted". We note that at no time did defendant seek vacatur of his guilty plea on the assault charge or deny

commission of the new offense, to which he also pleaded guilty. Thus, there is no merit to his contention that the court erred in not conducting a summary hearing (*see, People v Outley*, 80 NY2d 702, 713).

Finally, even if defendant had not knowingly waived his right to appeal in the context of his guilty pleas (*see, People v Buchanan*, 236 AD2d 741, *lv denied* 89 NY2d 1032), we would nevertheless find his claim that the sentences imposed were harsh and excessive to be without merit in light of his prior criminal history and the nature of the crimes.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.