■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESLIE R. HUGHES, Appellant. [688 NYS2d 278] —Appeals from two judgments of the County Court of Broome County (Smith, J.), rendered October 20, 1997, convicting defendant upon his pleas of guilty of two counts of the crime of criminal sale of a controlled substance in the third degree.

Defendant was charged by indictment and superior court information with committing two separate crimes of criminal sale of a controlled substance in the third degree. On June 23, 1995, defendant agreed to plead guilty to both crimes in exchange for County Court's commitment that he would receive

concurrent terms of 3 to 9 years in prison. Defendant was allowed to be released on his own recognizance for two weeks, but, prior to doing so, County Court made it clear that the sentence commitment was conditioned upon, *inter alia*, defendant appearing on the date set for sentencing. County Court specifically stated that, if defendant did not appear as scheduled, he would in effect be granting the court "permission to sentence [him] to anything the law would allow". Thereafter, defendant did not appear for sentencing and, when he was returned to court on a warrant two years later, County Court sentenced defendant to two consecutive prison terms of 6 to 18 years. This appeal followed.

We affirm. Initially, we reject defendant's contention that County Court erred in not allowing him to withdraw his guilty pleas prior to imposition of the enhanced sentences. Defendant's argument in this regard is premised upon a discussion made in the context of a prior plea offer made before the superior court information was issued which defendant ultimately rejected. An examination of County Court's remarks on that date establishes that any promises made were tied to the rejected offer. Significantly, no mention of a possible withdrawal of the pleas was made with respect to the consequences if defendant violated any of the conditions set by the court (*see, People v Gianfrate*, 192 AD2d 970, 973, *lv denied* 82 NY2d 718). Instead, defendant was informed by County Court that the consequence for breach of the requirement that he appear for the scheduled sentencing date would be an enhanced sentence (*see, id.*; *see also, People v Whittaker*, 257 AD2d 854). Since defendant violated the terms of the agreement by his nonappearance, a lengthier sentence was justified (*see, People v Waldron*, 257 AD2d 771).

Finally, we have examined defendant's argument that the sentence imposed was harsh and excessive, and find it to be without merit given defendant's considerable criminal history and the particular circumstances involved here (*see, id.*).

Mikoll, J. P., Mercure, Peters, Spain and Graffeo, JJ., concur. Ordered that the judgments are affirmed.