(September 16, 1999)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH A. DIAZ, Appellant. [695 NYS2d 200] —Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered May 19, 1998, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

Defendant pleaded guilty to a superior court information charging him with one count of criminal sale of a controlled substance in the third degree with the understanding that a sentence of 1½ to 4½ years in prison would be imposed. Defendant later requested that a scheduled sentencing date of March 6, 1997 be adjourned until March 31, 1997, with defen-

dant released on his own recognizance. County Court agreed to the adjournment but conditioned such release on defendant, *inter alia*, appearing for sentencing on the rescheduled date. The court warned defendant that a violation of any of these agreed-upon conditions would result in an increase of defendant's sentence up to the harshest available sentence of 8⅓ to 25 years in prison. Thereafter, defendant did not appear for sentencing and, when he was returned to court on a warrant over a year later, County Court sentenced defendant to a prison term of 6 to 18 years. This appeal followed.

We affirm. Although defendant concedes that County Court was within its authority in imposing an enhanced sentence under the circumstances (*see, e.g., People v Hughes*, 260 AD2d 657; *People v Whittaker*, 257 AD2d 854, *lv denied* 93 NY2d 880), he nevertheless maintains that the sentence imposed was harsh and excessive, a contention we cannot endorse. It is well settled that "a sentence within permissible statutory ranges will not be disturbed unless extraordinary circumstances exist warranting a modification" (*People v Woodard*, 263 AD2d 682). Given defendant's awareness of the consequences for violating the release conditions and his criminal history, we find no basis to reduce his sentence in the interest of justice.

Mercure, J. P., Crew III, Yesawich Jr., Peters and Mugglin, JJ., concur. Ordered that the judgment is affirmed.