■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TANYA R. BALLARD, Appellant. [699 NYS2d 186] —Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered November 16, 1998, convicting defendant upon her plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

In satisfaction of a multi-count indictment, defendant pleaded guilty to one count of criminal sale of a controlled substance in the third degree with the understanding that a sentence of 3 to 9 years in prison would be imposed. Defendant's sentencing was postponed at her request, and she was released on her own recognizance so that she could take care of personal matters. In agreeing to the adjournment, County Court conditioned defendant's release on defendant's promise that, *inter alia*, she would appear for sentencing on the rescheduled date, and defendant was warned that her failure to appear could result in imposition of the harshest available sentence of $8^{1}/_{3}$ to 25 years in prison. Thereafter, defendant did not appear for sentencing and, when she was returned to court over a year later following her arrest and extradition from Kentucky, County Court sentenced defendant to a prison term of 5 to 15 years. This appeal followed and we affirm.

Contrary to defendant's argument, we find that County Court did not abuse its discretion in imposing an enhanced sentence under the circumstances of this case (*see, e.g., People v Hughes*, 260 AD2d 657, *lv denied* 93 NY2d 972; *People v Whittaker*, 257 AD2d 854, *lv denied* 93 NY2d 880). Although defendant claims that County Court failed to take into account her claim that she absconded due to fear of reprisals over a purported incident at the Broome County Jail, County Court appropriately ordered an investigation of the allegations. While County Court thereafter credited the fact that some type of altercation occurred, the court also noted that the incident took place several months

prior to the plea allocution and defendant failed to bring her alleged fears to the attention of the court. Given defendant's awareness of the consequences of violating the conditions of her release, we find no basis to reduce defendant's sentence in the interest of justice. The remaining arguments raised by defendant have been examined and found to be unpersuasive.

Mikoll, J. P., Crew III, Yesawich Jr., Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed.