■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAKISHA T. RAMSEY, Appellant. [704 NYS2d 165] —Mugglin, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered August 20, 1998, convicting defendant upon her plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

Defendant waived indictment and pleaded guilty to the crime of attempted criminal sale of a controlled substance in the

third degree in satisfaction of a two-count superior court information with the understanding that she would receive a 3- to 9-year prison sentence. Following the plea, defendant was released on her own recognizance with the condition that if she failed to reappear on the sentencing date County Court was authorized to revoke its sentencing commitment and impose a sentence of 5 to 15 years in prison. Defendant failed to appear on January 9, 1998 for sentencing, was indicted on April 3, 1998 for bail jumping in the first degree, was arrested in the City of Middletown, Orange County, on or about June 10, 1998 and returned to Broome County. On August 20, 1998, County Court denied her motion to withdraw her previous plea and imposed the enhanced sentence, whereupon the bail jumping charge was dismissed on the People's motion. Defendant appeals.

We affirm. Inasmuch as defendant violated the release conditions by failing to appear for sentencing despite being informed by County Court that such conduct would justify an enhanced sentence, we reject defendant's contention that the 5- to 15-year sentence imposed was harsh and excessive under the circumstances (*see, People v Diaz*, 264 AD2d 879; *People v Hughes*, 260 AD2d 657, *lv denied* 93 NY2d 972). Moreover, defendant's specific claim of ineffective assistance of counsel is belied by the record which reveals that defense counsel filed a motion seeking to withdraw defendant's guilty plea based upon the court's stated intent to revoke the sentencing commitment and impose the enhanced sentence. Defendant's remaining contentions have been examined and found to be unpersuasive.

Cardona, P. J., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.