■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISMAEL WALKER, Appellant. [817 NYS2d 730]—

Appeal from a judgment of the County Court of Washington County (Hemmett, Jr., J.), rendered August 25, 1999, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

Defendant possessed a large quantity of cocaine and was charged with criminal possession of a controlled substance in the third degree. An agreement was subsequently reached whereby defendant would plead guilty to criminal possession of a controlled substance in the fifth degree, a class D felony, and receive a sentence of 2 to 4 years in the custody of the Department of Correctional Services under the Willard Drug Treatment program in Seneca County. Defendant pleaded guilty to the charge and was released on his own recognizance pending sentencing. County Court, however, specifically advised him that if he did not appear for sentencing, he would not receive the promised sentence and he could be sentenced in absentia to the maximum for a class D felony. After defendant failed to appear for sentencing on four different occasions, County Court sentenced him in absentia as a second felony offender to $3^{1}/_{2}$ to 7 years in prison. He now appeals.

We affirm. Given that defendant violated the terms of his release by repeatedly failing to appear for sentencing with full knowledge of the consequences thereof, County Court was justified in imposing the enhanced sentence. In view of this, as well as defendant's prior criminal history, we do not find that extraordinary circumstances exist warranting a reduction of the sentence in the interest of justice or that County Court abused its discretion (*see People v Ramsey*, 269 AD2d 616, 617 [2000], *lv denied* 94 NY2d 951 [2000]; *People v Diaz*, 264 AD2d 879, 880

[1999], *lv denied* 94 NY2d 879 [2000]). Defendant's drug addiction and apparent incarceration during the time he was supposed to appear in court do not persuade us otherwise.

Cardona, P.J., Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.