■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ICOTO C. SHAW, Appellant. [858 NYS2d 402]—

Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered June 13, 2007, convicting defendant upon his plea of guilty of the crimes of attempted criminal sale of a controlled substance in the third degree and tampering with physical evidence.

Defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree and tampering with physical evidence with the understanding that he would be sentenced as a second felony offender to 3½ years in prison and three years of postrelease supervision on the first charge and 2 to 4 years in prison on the second charge, with the prison terms to run concurrently. On the original date of sentencing, County Court granted defendant's request for a one-week furlough in order to allow him to spend time with his family, including his newborn child. In so doing, the court admonished defendant that his failure to appear for the newly-scheduled sentencing hearing could result in the imposition of the maximum sentence allowable by law. Despite that warning, defendant failed to appear for sentencing as directed and was eventually brought into court via a bench warrant. As a result, County Court sentenced defendant as a second felony offender to 6½ years in prison (less than the maximum allowed) and three years of postrelease supervision for the attempted criminal sale of a controlled substance conviction and 2 to 4 years in prison for the tampering with physical evidence conviction, with those sentences ordered to run concurrently. Defendant now appeals.

Defendant concedes that County Court was authorized to impose an enhanced sentence, yet asserts that the 6½-year sentence in connection with the attempted criminal sale of a controlled substance conviction is harsh and excessive. We disagree. Our review of the record reveals neither an abuse of discretion by County Court nor the existence of any extraordinary circumstances justifying a modification of the sentence in the interest of justice (*see People v Favor*, 49 AD3d 915, 916 [2008]). Accordingly, the judgment is affirmed.

Cardona, P.J., Mercure, Rose, Lahtinen and Stein, JJ., concur. Ordered that the judgment is affirmed.