Rose, J.
Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered August 21, 2007, convicting defendant upon his plea of guilty of the crime of driving while ability impaired.
Defendant pleaded guilty to driving while ability impaired with the understanding that his sentence would be capped at one year of local jail time. When he then sought to be released without bail pending sentencing, defendant was advised that he would receive the agreed-upon sentence if, among other things, he appeared for sentencing. As for the consequences of failing to do so, County Court stated, “I [will] sentence you to whatever I [feel] appropriate under whatever the changed circumstances. I will sentence you even if you are not here.” Upon defendant’s failure to appear, County Court sentenced defendant to 2 Vs to 7 years in prison. This appeal ensued.*
We affirm. As the record reflects that defendant clearly was apprised that County Court would not be bound by the agreed-upon sentence should defendant fail to appear on the scheduled sentencing date, County Court granted a brief adjournment in an effort to secure defendant’s presence prior to sentencing him in absentia and defendant’s proffered excuses for his failure to appear are both unsupported and unpersuasive, we conclude that the enhanced sentence imposed was justified (see People v Flanders, 53 AD3d 866 [2008]; People v Favor, 49 AD3d 915 [2008]). To the extent that defendant, who has two prior convictions for driving while intoxicated and a demonstrated history of substance abuse, contends that the enhanced sentence was harsh and excessive, our review of the record fails to disclose either an abuse of discretion or the existence of extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Shaw, 51 AD3d 1062, 1063 [2008], lv denied 10 NY3d 964 [2008]; People v Walker, 30 AD3d 823 [2006]).
Peters, J.P., Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.

 Defendant received shock incarceration, has been released on parole and is pursuing this appeal in an effort to reduce his period of parole supervision.