(September 24, 2009)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERROL WILKERSON, Appellant. [885 NYS2d 777]—

Appeal from a judgment of the Supreme Court (Lamont, J.), rendered December 9, 2005 in Albany County, among other things, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.

Defendant was present with a codefendant during a police undercover buy operation in which a quantity of cocaine was recovered. As a result, defendant was charged with various crimes, and eventually pleaded guilty to attempted criminal possession of a controlled substance in the third degree. Under the terms of the plea agreement, defendant was to waive his right to appeal, cooperate with the prosecution by testifying against his codefendant and, in return, receive a sentence of 2½ to 7½ years in prison. Before concluding the plea proceedings, Supreme Court advised defendant that the agreed-upon sentence would only be honored if defendant appeared at sentencing and did not commit another crime before that time. When defendant failed to appear at sentencing, the court sentenced him in absentia to 4⅔ to 14 years in prison. A bench warrant was issued for defendant's arrest and, more than five years later, he appeared before the court. At that time, the court denied defendant's request to be resentenced to a lesser sentence and imposed the original sentence. Defendant now appeals.

Defendant's sole argument is that the 4⅔-to-14-year prison sentence imposed upon him in absentia is harsh and excessive. Preliminarily, we note that defendant is not precluded from raising this challenge by the waiver of appeal inasmuch as the record does not disclose that he understood "that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256 [2006]; *see People v Lee*, 51 AD3d 1217, 1217 [2008]; *People v Newcomb*, 45 AD3d 890, 891 [2007]; *compare People v Ramirez*,

42 AD3d 671, 671 [2007]). Consequently, we may consider the merits of defendant's claim and whether the circumstances warrant the exercise of our interest of justice jurisdiction in reducing the sentence (*see* CPL 470.15 [3] [c]; [6] [b]).

In support of his argument that the sentence should be reduced, defendant points to the successful business endeavors, family stability and spiritual development he has attained over the course of the past five years which have made him a productive member of society. While this may be true, these accomplishments were made after defendant had breached his plea agreement and while he was a fugitive from justice. At the time of entering his plea, defendant was well aware of the consequences of failing to appear for sentencing as Supreme Court specifically informed him that he could be sentenced to up to 5 to 15 years in prison. In view of the foregoing, and considering defendant's fairly extensive criminal record as well as the fact that he was not a youth at the time of the subject crime, we discern neither an abuse of discretion nor the existence of extraordinary circumstances justifying a reduction of the sentence in the interest of justice (*see People v Shaw*, 51 AD3d 1062 [2008], *lv denied* 10 NY3d 964 [2008]; *People v Favor*, 49 AD3d 915, 916 [2008]).

Cardona, P.J., Peters, Rose, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.