■ The People of the State of New York, Respondent, v Joseph W. Vanier, Appellant. — Yesawich, Jr., J.

Defendant now asserts that acceptance of his guilty plea was constitutionally impermissible as the plea allocution did not establish an essential element of the crime, namely, intent to commit murder. This issue has not, however, been preserved for appellate review for defendant failed to move to withdraw the plea before sentencing or to raise the issue by a motion to vacate the judgment of conviction (*People v Claudio*, 64 NY2d 858). Beyond that, it is established law that "where the defendant's story does not square with the crime to which he is pleading", County Court may nevertheless accept the plea provided it takes "all precautions to assure that the defendant is aware of what he is doing" (*People v Serrano*, 15 NY2d 304, 310). Here, County Court not only pointed out to defendant during the plea proceed-

ing that his recital of the crime suggested a defense of extreme emotional disturbance, but also thoroughly apprised defendant of the alternatives to the negotiated sentence. These cautionary efforts were sufficient to ensure that defendant's plea was knowingly and voluntarily given (*see, People v Konyack,* 99 AD2d 588, 589; *see also, North Carolina v Alford,* 400 US 25). Defendant's other contention, that he did not receive effective assistance of counsel, is similarly without merit.

Judgment affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.