■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENISE DWIGHT FRAZIER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (O'Brien, J.), rendered September 20, 1982, convicting her of manslaughter in the first degree, upon her plea of guilty, and imposing sentence.

Judgment reversed, on the law, guilty plea vacated, and matter remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

Under the circumstances of this case, the court erred in accepting defendant's plea of guilty without first determining her fitness to proceed. The record reveals that both the trial court and defense counsel had doubts as to defendant's competency to stand trial, but nonetheless failed to secure a psychiatric examination pursuant to CPL article 730. At the plea allocution, the court commented that defendant "seem[ed] to

be a little slow". The presentence report revealed that defendant was possibly mentally retarded and had little or no education. She had been examined by a psychiatrist in 1977 and was "found to be suffering from chronic schizophrenic process" and in "need of long term psychiatric hospitalization". Despite having successfully obtained approval for the appointment of a psychiatrist to examine defendant, defense counsel failed to submit the appropriate order for signing in accordance with the court's prior ruling. Such failure is inexplicable and constitutes ineffective assistance of counsel *(see, People v Sinatra,* 89 AD2d 913). In any event, the court should have been alerted to the possibility that defendant was an "incapacitated person" within the meaning of CPL 730.10 (1) *(People v Cartagena,* 92 AD2d 901), and should have ordered an examination on its own motion.

The People's argument that defendant failed to preserve the competency issue for appellate review is without merit. A defendant does not waive the right to a competency hearing by pleading guilty *(People v Armlin,* 37 NY2d 167), and may raise for the first time on appeal the issue of capacity to stand trial *(People v Sinatra, supra).*

Accordingly, the judgment is reversed and the matter remitted to the Supreme Court, Queens County, for further proceedings. Mangano, J. P., Thompson, Bracken and Brown, JJ., concur.