■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD L. CLICKNER, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered June 27, 1985, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.

On January 16, 1984, defendant and two companions, James

Bowers and Karen M., a 17-year-old girl, spent the earlier part of the evening "partying and drinking", then, in a borrowed car, drove to a store in the Town of Sand Lake, Rensselaer County, to buy cigarettes. Bowers and defendant entered the store, made the purchase and returned to the car. Defendant's signed confession indicates that at that point Bowers took defendant's knife from the car's dashboard and reentered the store, and that defendant was under the impression Bowers was "going back to do something stupid, like steal some food". While defendant and his female companion sat in the car, Bowers entered the store and robbed the clerk at knifepoint. Bowers then ran from the store and, as he jumped into the waiting car, stated he had "done something stupid". The three then spent the night at Karen's apartment. While there, defendant was offered and accepted $24, part of the cash Bowers had stolen. At this juncture, apparently distraught over the evening's activities, defendant allegedly began to cry. Deeming it unwise to remain at the apartment, the trio stayed at an Albany County motel where they were arrested by State Police on January 21, 1984; each was subsequently charged with robbery in the first degree.

On May 6, 1985, defendant pleaded guilty to the charged crime; ostensibly the plea was negotiated with the People. A presentence report was prepared and defendant was duly sentenced to a term of 2½ to 7½ years' imprisonment. This appeal ensued.

Initially, defendant argues that County Court erred when it failed to invoke, *sua sponte,* its power to order a psychiatric evaluation pursuant to CPL 730.30 (1). We disagree. When a court is, or should be, aware that a defendant may be an "incapacitated person" within the meaning of CPL 730.10 (1), an order of examination to determine his fitness to proceed must issue (see, *People v Frazier,* 114 AD2d 1038, 1039). In reaching a decision respecting whether the procedures set forth in CPL article 730 should be invoked, several factors are important; those relevant here are defendant's demeanor before the court, medical opinions bearing on his competency and the presentence report (see, *People v Rios,* 126 AD2d 860; *People v Arnold,* 113 AD2d 101, 103).

The record and presentence report disclose that defendant had a history of alcohol and substance abuse, that he had been a patient at a mental institution where he was diagnosed as having undifferentiated schizophrenia, and that while awaiting sentence he reportedly attempted suicide twice.

Although the foregoing is significant, it did not warrant

ordering a psychiatric evaluation, for the record also reveals that defendant was alert, coherent and actively participated in a meaningful way in all hearings before County Court. And there is no intimation that any alleged incapacity affected his working relationship with his counsel *(see, People v Picozzi,* 106 AD2d 413, 414). Furthermore, the presentence report, after a comprehensive review of pertinent personal and medical facts relating to defendant, contains an assessment that the suicide attempts were largely "manipulative" and, more importantly, recommends incarceration.

Defendant also finds fault with the plea allocution, claiming apparently that his intent, as an element of the crime, was not established and hence reversible error occurred. Our consideration of the merits of this argument is foreclosed by defendant's failure to preserve it for review *(see, People v Claudio,* 64 NY2d 858). Were we to address it, we would reject it *(see, People v Vanier,* 110 AD2d 980). The record attests to the fact that County Court informed defendant of the alternatives to pleading guilty and the risk attendant upon going to trial, and was satisfied that counsel had engaged in a thoroughly effective dialogue with defendant concerning the same. That the plea was knowingly and voluntarily pronounced is obvious.

We have considered defendant's other contentions and find them also lacking in substance.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Yesawich, Jr., JJ., concur.