■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH GILCHRIST, Appellant.—Judgment unanimously modified on the law by vacating the sentence imposed and as modified affirmed and defendant remanded to Onondaga County Court for further proceedings, in accordance with the following memorandum: Defendant pleaded guilty to criminal possession of a controlled substance in the second degree and, in accordance with the plea bargain, was sentenced to an indeterminate term of 6½ years' to life imprisonment. On appeal, he contends that the court erred in imposing sentence because the People failed to file a second felony offender statement as mandated by CPL 400.21 and that the court abused its discretion in refusing to reduce the minimum term to six years.

The presentence investigation report, which was before the court at sentencing, indicates defendant had been subjected to a prior felony conviction in 1983. Under the circumstances, the filing of a second felony offender statement was mandatory (CPL 400.21 [1]) and the failure to comply with this requirement rendered the sentence invalid as a matter of law (CPL 440.40 [1]; *People v Scarbrough*, 66 NY2d 673, *revg* 105 AD2d 1107 *on dissenting mem of Boomer, J.*).

We do not reach the issue of excessive sentence. (Appeal from judgment of Onondaga County Court, Mulroy, J.—crimi-

nal possession of controlled substance, second degree.) Present —Dillon, P. J., Callahan, Balio, Lawton and Davis, JJ.