■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD J. HELM, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered January 11, 1989, convicting him of arson in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the Supreme Court did not improvidently exercise its discretion in accepting the defendant's plea of guilty without *sua sponte* ordering a competency hearing pursuant to CPL 730.30. Although the defendant had been hospitalized in the past for psychological difficulties, the record contains no evidence that, with respect to the present matter, the defendant lacked the capacity to understand the proceedings against him or was unable to assist in his own defense *(see, People v Gensler,* 72 NY2d 239, *cert denied* 488 US 932; *People v Armlin,* 37 NY2d 167; *People v Rogers,* 163 AD2d 337; *People v Clickner,* 128 AD2d 917, 918). During the plea colloquy the defendant was lucid, rational, and unequivocal in assuring the court that he understood the meaning of the plea proceeding, and the implications of his decision to accept the plea agreement *(see, People v Seger,* 171 AD2d 892; *People v Melluzzo,* 167 AD2d 323, 324; *People v Clickner, supra).* Moreover, the record reveals that a certified psychologist retained by the defendant himself filed a report in which he found the defendant to be capable of assisting in his own defense and of understanding the possible penalties which might be imposed upon his conviction. In light of the foregoing, the court was not required to conduct a *sua sponte* competency hearing pursuant to CPL 730.30.

The defendant's remaining contentions are either unpreserved for appellate review *(People v Clickner, supra; see also, People v Harris,* 61 NY2d 9, 16-17) or without merit *(see, People v Satterfield,* 66 NY2d 796; *People v Baldi,* 54 NY2d 137). Thompson, J. P., Bracken, Harwood and Copertino, JJ., concur.