(January 23, 1992)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MOON, Appellant.—Harvey, J.

Defendant was originally indicted for the crimes of burglary in the second degree, grand larceny in the fourth degree and grand larceny in the third degree. Following plea negotiations, defendant pleaded guilty to attempted burglary in the second degree and grand larceny in the third degree in full satisfaction of the indictment. Defendant was ultimately sentenced as a predicate felon to two concurrent prison terms of 2½ to 5 years for each crime. Defendant then took this appeal.

Upon examining defendant's many claims on appeal, we find all but one of them to be without merit. We find no support in the record for defendant's claim that his counsel was ineffective. Defendant's claim that County Court erred when it failed to invoke, *sua sponte,* its power to order a psychiatric evaluation of defendant pursuant to CPL 730.30 is rejected. Significantly, among the factors a court should consider before invoking the statute are the "defendant's demeanor before the court, medical opinions bearing on his competency and the presentence report" *(People v Clickner,* 128 AD2d 917, 918, *lv denied* 70 NY2d 644). Here, there is no question that defendant's demeanor before the court was appropriate and his responses were coherent and pertinent. There is no medical evidence to support a claim of incompetency and defendant's statement in the presentence report that *he* felt he was "mental" does not qualify as such. Other

than defendant's own self-serving statements regarding his mental health, there was nothing in the presentence report that would indicate that defendant was behaving erratically in any fashion. While it is noted that defendant was sent to a psychiatric center while he was in prison some time ago for cutting his arms, this circumstance alone did not mandate a psychiatric evaluation in the absence of any other compelling factors indicating incapacity (see, supra, at 918-919).

We do agree, however, with defendant's claim that he was illegally sentenced as a second felony offender. The People also concede that the procedures that must be followed before a defendant can be considered a second felony offender (see, CPL 400.21) were not followed in this case. Accordingly, the sentence must be vacated and the matter remitted for resentencing (see, People v Gilchrist, 152 AD2d 923).

Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Rensselaer County for resentencing; and, as so modified, affirmed.