■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD OSINOIKI, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.),

rendered April 4, 1989, convicting him of rape in the first degree and sexual abuse in the first degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence adduced at the trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's claim of ineffective assistance of counsel was raised in a postconviction motion under CPL 440.10, the appropriate course where the basis for the claim is not fully apparent from the record *(see, People v Brown,* 45 NY2d 852, 854; *People v Oquendo,* 112 AD2d 955; *People v Martinez,* 111 AD2d 189). The Supreme Court, after an extensive evidentiary hearing, denied the defendant's motion in an order dated October 9, 1990. This court denied leave to appeal from that order. The record of the hearing on the postjudgment motion is not properly before us *(see, People v Kihm,* 143 AD2d 199, 200). The record that is properly before us does not establish ineffective assistance of counsel.

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Bracken, J. P., Sullivan, Lawrence and Ritter, JJ., concur.