■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MYRON JONES, Appellant. [606 NYS2d 1020] —Judgment unanimously affirmed. Memorandum: Upon our review of the record, we conclude that defendant knowingly, voluntarily and intelligently waived his right to appeal (see, People v Callahan, 80 NY2d 273; People v Moissett, 76 NY2d 909; People v Seaberg, 74 NY2d 1, 12). We decline to modify defendant's sentence in the interest of justice. (Appeal from Judgment of Erie County Court, D'Amico, J.—Attempted Burglary, 2nd Degree.) Present—Denman, P. J., Pine, Lawton, Doerr and Davis, JJ.

■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC FOTIATHIS, Appellant. [604 NYS2d 447] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Steuben County Court for further proceedings in accordance with the following Memorandum: Defendant pleaded guilty to attempted burglary in the third degree and, in accordance with the plea bargain, was sentenced to an indeterminate term of incarceration of 1½ to 3 years. On appeal, he contends that the court erred in sentencing him as a second felony offender because the People failed to file a second felony offender statement pursuant to CPL 400.21. We agree. Under the circumstances of this case, the filing of a second felony offender statement before the imposition of sentence was mandatory (see, CPL 400.21 [1], [2]) and the failure to comply with that requirement renders the sentence invalid as a matter of law (see, People v Scarbrough, 66 NY2d 673, revg on dissent of Boomer, J., 105 AD2d 1107; People v Gilchrist, 152 AD2d 923). Therefore, we modify the judgment by vacating the sentence and we remit the matter to County Court for the filing of a second felony offender statement pursuant to CPL 400.21 prior to resentencing. (Appeal from Judgment of Steuben County Court, Scudder, J.—Attempted Burglary, 3rd Degree.) Present—Denman, P. J., Pine, Lawton, Doerr and Davis, JJ.