■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK TROIANO, Appellant. [607 NYS2d 155] —Casey, J. Appeal from a judgment of the County Court of Greene County (Lalor, J.), rendered October 2, 1992, convicting defendant upon his plea of guilty of two counts of the crime of murder in the second degree.

Defendant was charged with four counts of murder in the second degree, robbery in the first degree and burglary in the first degree. The charges resulted from the brutal murders of Martha Wittmaier and Samuel Wittmaier. During plea negotiations, defendant indicated that he would enter a plea of guilty to the first two counts of the indictment, which charged him with the intentional murder of each of the victims, in exchange for a contemplated prison sentence of 20 years to life on each count, to be served consecutively. In the plea allocution, defendant admitted the facts underlying the charges to which he pleaded but stated that he did not intend to kill the woman. With respect to Mrs. Wittmaier, defendant admitted that he entered her premises with the intent to steal money and that when he saw the victim he struck her repeatedly on the head with a cane. These admissions prompted the prosecution to accept a plea to the third count of the indictment, which charged felony murder of Mrs. Wittmaier, and defendant stated that he understood the plea was being changed to felony murder under the third count of the indictment, instead of intentional murder of Mrs. Wittmaier. Defendant also admitted that he shot and killed Mr.

Wittmaier. Defendant acknowledged that he understood the legal consequences of his plea and stated that when the crimes were committed he was "emotionally distressed". Nevertheless, he stated that he understood the legal consequences of his plea and that "nobody has the right to take a human life". Defendant also waived his right to appeal but reserved his right to appeal the sentence.

When defendant appeared for sentencing, defense counsel stated that defendant felt it was in his interest to withdraw his plea and proceed to trial in order to raise an insanity defense. However, defense counsel informed County Court that a thorough review on his part led him to conclude that he could not in good conscience make motions to withdraw defendant's plea because there was no legal evidence to suggest the involuntariness of the plea or to establish a defense of mental defect. In response to a question by the court, defendant admitted that he was in his right mind when he took the plea and that he had nothing further to say. Thereupon, the court accepted the plea and imposed consecutive prison sentences of 20 years to life on each of the murder charges as contemplated by the plea bargain.

We find no merit in defendant's contention that County Court should have ordered, *sua sponte,* a psychological examination pursuant to CPL 730.30 (1). Defendant made no motion for such relief and there is nothing in the record to indicate that he was incapacitated *(see, People v Clickner,* 128 AD2d 917, *lv denied* 70 NY2d 644). Defense counsel, who indicated that defendant had participated in his defense, found no basis for a defense of mental defect.

As to the claim regarding representation by counsel, defendant has utterly failed to show that his legal representation was not meaningful *(see, People v Baldi,* 54 NY2d 137, 146-147). Defendant's final claim concerning the sufficiency of the plea allocution was waived by his knowing and voluntary waiver of his right to appeal *(see, People v Seaberg,* 74 NY2d 1, 10). In any event, we find the allocution sufficient.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.