■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUSEBIO RIVAS, Appellant. [614 NYS2d 753] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered November 27, 1990, convict-

ing him of attempted murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied the effective assistance of counsel because his attorney failed to request a competency hearing or to adequately explore certain defenses prior to his plea of guilty. The record does not provide a basis for the conclusion that the defendant lacked the capacity to understand the proceedings or to assist in his defense *(see, e.g., People v Polimeda,* 198 AD2d 242; *People v Helm,* 178 AD2d 656; *People v Harrington,* 163 AD2d 327; *see also, People v Gensler,* 72 NY2d 239, *cert denied* 488 US 932). The defendant responded coherently and rationally during the plea proceeding and indicated that he understood the implications of his decision to accept the plea agreement. Moreover, a psychiatric report prepared in aid of sentencing pursuant to CPL 390.30, upon his attorney's request, concluded that the defendant was competent to stand trial. Consequently, the defendant has failed to establish that his attorney was ineffective for failing to request a competency hearing *(see, e.g., People v Johnston,* 186 AD2d 680), and the record as a whole reveals that the defendant received meaningful representation *(see, People v Baldi,* 54 NY2d 137).

Insofar as the defendant's remaining allegations with respect to his attorney's representation involve matters dehors the record, they are not properly before us. In addition, the issues raised in the defendant's postjudgment motion pursuant to CPL 440.10 are not properly before us, as he was denied leave to appeal from the denial of that motion *(see, People v Osinoiki,* 182 AD2d 781; *People v Drummond,* 104 AD2d 825).

We find that the defendant knowingly, intelligently, and voluntarily waived appellate review of his sentence *(see, People v Callahan,* 80 NY2d 273; *People v Seaberg,* 74 NY2d 1). Thompson, J. P., Balletta, O'Brien and Florio, JJ., concur.