■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEAN PALMO, Appellant. [636 NYS2d 910] —Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered August 8, 1994, convicting defendant upon his plea of guilty of the crime of robbery in the second degree and criminal mischief in the second degree.

In satisfaction of a 15-count indictment, defendant pleaded

guilty to robbery in the second degree and criminal mischief in the second degree and was sentenced as a second felony offender to two concurrent prison terms of 3 to 6 years. On appeal, defendant contends that his guilty plea should be vacated because it was not knowingly, voluntarily and intelligently made insofar as the allocution negated the critical elements of the crimes at issue.

Initially, inasmuch as defendant failed to make a motion to withdraw his plea or vacate the judgment of conviction, we find that he has failed to preserve his claim for appellate review (*see, People v Vanier*, 110 AD2d 980). Nevertheless, were we to consider the merits, we would find that defendant's argument is without merit. It is well settled that a court may accept a guilty plea, even though the version of events related by the defendant does not satisfy all of the elements of the crime to which he has pleaded guilty, provided the court takes " 'all precautions to assure that the defendant is aware of what he is doing' " (*supra*, at 980, quoting *People v Serrano*, 15 NY2d 304, 310). In the instant case, County Court went to great lengths to advise defendant of his rights and the ramifications of his guilty plea. There is nothing in the record to suggest that defendant misunderstood the court's instructions, and defendant made no statements during the plea colloquy which cast doubt upon his guilt of the crimes to which he was pleading (*see, People v Moore*, 130 AD2d 375, 376, *affd* 71 NY2d 1002). Accordingly, we find no reason to disturb County Court's judgment.

Cardona, P. J., Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.