■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD W. SLOAN, Appellant. [645 NYS2d 336] —Casey, J.

In April 1994, defendant was the subject of an indictment charging him with the crimes of sodomy in the second degree and sexual abuse in the first degree. The charges arose out of allegations that defendant had engaged in oral intercourse with a male under the age of 11 years. As the result of a plea-bargaining agreement, defendant subsequently pleaded guilty to the crime of attempted sodomy in the first degree. In exchange, he was sentenced as a predicate violent felony offender to a prison term of 4 to 8 years.

Defendant appeals, contending that County Court abused its discretion by accepting his guilty plea inasmuch as defendant's intoxicated condition at the time he perpetrated the crime in question should have put the court on notice that his actions and subsequent guilty plea might not have been voluntary. Initially, we note that this issue has not been preserved for appellate review due to defendant's failure to make either a motion to withdraw his plea or a motion to vacate the judgment of conviction (*see, People v Palmo*, 223 AD2d 952; *People v Molini*, 219 AD2d 780).

If we were to review the merits of this contention, however, we would find it to be without merit. A review of the plea allocution discloses that the County Court elicited from defendant a complete and coherent recitation of his commission of the crime, including an admission that his intoxication at the time thereof did not prevent him from knowing that the acts he was committing were wrong. Under the circumstances presented here, defendant's statement that he was intoxicated at the time of the crime cannot be construed as the assertion of a defense mandating the withdrawal of his plea (*see, People v Paige*, 201 AD2d 809, 810, *lv denied* 83 NY2d 914; *People v Legault*, 180 AD2d 912, 913, *lv denied* 79 NY2d 1051). We

conclude that defendant's plea was both knowing and voluntary and that County Court did not abuse its discretion by accepting it.

We also reject the contention that defendant's sentence of 4 to 8 years was harsh and excessive. Defendant has an extensive criminal record, including a prior violent felony conviction. This, together with the heinous nature of defendant's crime and the fact that defendant was sentenced according to the terms of his plea bargain, lead to the conclusion that defendant's sentence was appropriate (*see*, *People v Hamilton*, 192 AD2d 738, 740; *People v Hairston*, 140 AD2d 744, *lv denied* 72 NY2d 919).

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the judgment is affirmed.