■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES G. DALE, Appellant. [652 NYS2d 335] —Mercure, J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered June 7, 1994, convicting defendant upon his plea of guilty of the crime of criminal possession of stolen property in the third degree.

On the day scheduled for trial, defendant entered into a plea bargain whereby he satisfied two indictments, charging him

with criminal possession of stolen property in the third degree and two counts of criminal possession of a weapon in the third degree, with a plea of guilty to a single count of criminal possession of stolen property in the third degree. The plea was entered with the express understanding that defendant would be sentenced as a second felony offender to a prison term of 2 to 4 years. A further inducement to defendant's plea was the People's recommendation that defendant be released on his own recognizance pending sentencing so that he could attend the forthcoming birth of his child. In accordance with the People's recommendation, defendant was released from custody. When defendant subsequently appeared for sentencing, he moved to withdraw his guilty plea as the product of duress. County Court denied the motion and sentenced defendant in accordance with his plea bargain. Defendant now appeals.

We affirm. County Court's detailed inquiry into the circumstances surrounding defendant's plea of guilty discloses that defendant had a clear understanding of his legal rights and, aware of his exposure to enhanced punishment if convicted following trial, knowingly and voluntarily agreed to enter into the subject negotiated plea arrangement. The present claim that defendant entered his guilty plea solely to obtain his temporary release so that he could witness the birth of his son was raised, explored and expressly refuted at the plea proceeding, prior to County Court's acceptance of defendant's plea. Further, by entering the plea of guilty, defendant forfeited the right to challenge the factual basis therefor (*see*, *People v Morelli*, 228 AD2d 818, 818-819, *lv denied* 88 NY2d 990; *People v Vanier*, 110 AD2d 980). Under the circumstances, we conclude that County Court did not abuse its discretion in denying the motion without a hearing (*see*, CPL 220.60 [3]; *People v Palmo*, 223 AD2d 952; *People v Jackson*, 203 AD2d 302, *lv denied* 84 NY2d 827).

Cardona, P. J., White, Casey and Carpinello, JJ., concur. Ordered that the judgment is affirmed.