(February 6, 1997)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
DONALD M. DOVE, Appellant. [654 NYS2d 40] —Mercure, J. Appeal from a judgment of the County Court of Broome County
(Mathews, J.), rendered October 27, 1993, convicting defendant
upon his plea of guilty of the crimes of assault in the second
degree, criminal possession of a weapon in the third degree
and criminal possession of a controlled substance in the third
degree.

In satisfaction of three indictments containing four counts,
defendant pleaded guilty to assault in the second degree, criminal possession of a weapon in the third degree and criminal
possession of a controlled substance in the third degree. As
part of the plea agreement, defendant was to be sentenced as a
second felony offender to concurrent prison terms of $2^1/2$ to 5
years on the assault charge and $4^1/2$ to 9 years on the drug
charge. It was also agreed that the weapons charge would be
dismissed if defendant appeared on the scheduled sentencing
date. Defendant, however, failed to appear at sentencing.
County Court then imposed separate prison terms of $2^1/2$ to 5
years on the assault and weapons charges, to be served
consecutively, and 10 to 20 years on the drug charge, to be
served concurrently with the other two sentences.

On appeal, defendant contends that his guilty plea was not
properly entered. However, because defendant never moved to
withdraw his plea or vacate the judgment of conviction, he
cannot now challenge the sufficiency of his plea (see, People v
Villafane, 216 AD2d 605, lv denied 88 NY2d 996). In any event,
the transcript of the plea allocution reveals that defendant
knowingly and voluntarily entered his plea following a sufficient inquiry by County Court, during which time defendant
admitted his guilt to the requisite elements of the crimes
charged (see, People v Sloan, 228 AD2d 975, lv denied 88 NY2d
994).

We also reject defendant's contention that the terms of
imprisonment were harsh and excessive. Defendant has an
extensive criminal record. In addition, he was specifically
warned at the plea proceeding that if he failed to appear at
sentencing, County Court would no longer be under any obligation to honor the agreed-upon prison sentences. In fact, the
court told defendant that he faced the possibility of the harshest prison terms available and that each could be imposed
consecutively. As it was, the prison terms imposed by the court

were not the harshest possible and only two of the terms were made consecutive. Under these circumstances, we decline to disturb the sentences imposed by the court (*see, People v Graham*, 222 AD2d 918, *lv denied* 87 NY2d 973).

Cardona, P. J., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.