■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNEDY E. MARTIN, Appellant. [657 NYS2d 1022] —Spain, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered June 24, 1996, convicting defendant upon his plea of guilty of the crimes of attempted sodomy in the first degree and use of a child in a sexual performance.

In October 1995, defendant was indicted in St. Lawrence County on a 13-count indictment arising from alleged acts of a deviate sexual nature involving his underage daughter and stepdaughter. On May 6, 1996, in the presence of counsel and pursuant to a negotiated plea agreement, defendant pleaded guilty to attempted sodomy in the first degree and use of a

child in a sexual performance, in full satisfaction of the indictment. He was sentenced to consecutive prison terms of 2 to 6 years on the use of a child in a sexual performance conviction and 5 to 10 years on the attempted sodomy in the first degree conviction.

On appeal, defendant contends that County Court erred in failing, *sua sponte*, to conduct a competency hearing pursuant to CPL 730.30 (1) prior to accepting his plea. We do not agree. Our review of the record indicates no basis to believe that as a result of mental disease or defect defendant was unable to understand the proceedings against him or to assist in his own defense (*see*, CPL 730.10 [1]; 730.30 [1]; *see also*, *People v Claudio*, 183 AD2d 945).

As to defendant's contention that his plea was involuntarily obtained, inasmuch as he did not move to withdraw the plea or vacate the judgment of conviction the issue has not been preserved for our review (*see*, *People v Sloan*, 228 AD2d 975, *lv denied* 88 NY2d 994). Were we to consider this claim, however, we would find it to be without merit. The transcript of the plea allocution reveals that County Court fully apprised defendant of the rights he would be forfeiting by his plea and the consequences attendant thereto. Defendant acknowledged his understanding and verified that he had discussed the plea and consequences with his counsel. Moreover, contrary to defendant's contention, the plea allocution to the crime of use of a child in a sexual performance was sufficient to establish the elements of the crime. Under the circumstances, we find that the plea was knowingly, intelligently and voluntarily entered (*see*, *People v Comer*, 236 AD2d 658).

Finally, we reject defendant's contention that the sentence was harsh and excessive. Considering the odious conduct to which defendant admitted, and in the absence of any mitigating factors warranting our intervention, we decline to disturb the sentence imposed (*see*, *People v Fedonick*, 217 AD2d 814, *lv denied* 87 NY2d 901). .

Mikoll, J. P., White, Casey and Carpinello, JJ., concur. Ordered that the judgment is affirmed.