■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP A. GREENWOOD, Appellant. [667 NYS2d 131] —Crew III, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered June 3, 1996, convicting defendant upon his plea of guilty of the crime of rape in the third degree.

After waiving indictment, defendant pleaded guilty to a superior court information charging him with statutory rape (*see*, Penal Law § 130.25 [2]). In return for his plea, which was in satisfaction of an additional charge of unlawfully dealing with a child, as well as a probation violation, the People agreed not to recommend a sentence of more than one year in jail.

Thereafter, County Court sentenced defendant to an indeterminate term of imprisonment of 1⅓ to 4 years. Defendant now appeals.

Initially, we reject defendant's contention that the sentence imposed was harsh and excessive. In spite of the recommendation of local incarceration made by the People, County Court was more than justified in sentencing defendant to a State correctional facility, particularly in view of defendant's commission of the instant crime while on probation for a conviction of sexual misconduct (*see, People v Lilley*, 238 AD2d 755, *lv denied* 90 NY2d 860). Nor do we find any merit to the claim that County Court failed to comply with its alleged promise to sentence defendant in accordance with the People's recommendation. The record makes clear that County Court specifically advised defendant that it would not commit to accepting the People's recommendation and further advised defendant that one of the sentencing options would be to sentence defendant to up to four years in a State correctional facility. When asked if he understood these options, defendant replied that he did.

We also find no merit to defendant's contention that County Court erred in summarily denying his request for newly assigned counsel. There is nothing in the record that reflects a conflict of interest or other irreconcilable conflict with counsel (*see, People v Sides*, 75 NY2d 822). The record reveals that defendant wrote to County Court complaining that his assigned counsel was a Family Court lawyer, not a criminal lawyer, and knew nothing about the offenses with which he had been charged. In response, County Court wrote to defendant assuring him that counsel had practiced before the court for a sufficient period of time to allow the court to conclude that she was a competent attorney capable of representing him. The record reflects no further complaint by defendant for the ensuing two months, at which point defendant entered what the record clearly reveals to be an intelligent and voluntary plea.

Nor is there any merit to defendant's assertion that, when imposing sentence, County Court inappropriately considered a letter from the victim involved in defendant's previous conviction for sexual misconduct. Defendant failed to object to the court's receipt of such letter and, in any event, there is no evidence that the court relied upon such letter when making its sentencing determination (*see, People v Hinkhaus*, 194 AD2d 1043, 1044; *People v Anderson*, 184 AD2d 922, 923, *lv denied* 80 NY2d 901). Defendant's remaining argument, regarding the constitutionality of Penal Law § 130.25 (2), has also been considered and rejected (*see, People v Dozier*, 72 AD2d 478, 485, *affd* 52 NY2d 781).

Cardona, P. J., White, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is affirmed.