■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNON A. FULLER, SR., Appellant. [667 NYS2d 126] —Cardona, P. J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered October 25, 1996, convicting defendant upon his plea of guilty of the crime of sodomy in the first degree.

Defendant pleaded guilty to one count of sodomy in the first degree in full satisfaction of a nine-count indictment charging him with five counts of sexual abuse in the first degree and four counts of sodomy in the first degree. He was sentenced to 4½ to 9 years in prison. Defendant now appeals.

We affirm. Initially, we note that defendant's contention that his guilty plea was involuntarily obtained has not been preserved for our review inasmuch as defendant did not move to withdraw his plea or to vacate the judgment of conviction (*see, People v Martin*, 239 AD2d 800, 801, *lv denied* 90 NY2d 941; *People v Raquel*, 238 AD2d 766). Were we to consider this issue, however, we would find it to be without merit. The transcript of the plea allocution demonstrates that County Court fully apprised defendant of the consequences of entering a guilty plea. Despite the fact that defendant was taking medication that affected his hearing to some extent, he indicated that he could hear what was being said and that the medication did not impair his ability to understand the plea proceedings. Defendant acknowledged that he was entering his plea knowingly and voluntarily and that no promises or threats had been made to him. Consequently, we find that the plea

was knowingly, voluntarily and intelligently entered (*see, People v Feliciano*, 242 AD2d 787, 788; *People v Comer*, 236 AD2d 658, *lv denied* 89 NY2d 1090).

Furthermore, we are unpersuaded by defendant's claim that he received ineffective assistance of counsel. To the extent that such claim is based upon defense counsel's failure to pursue a suppression hearing, we note that defendant waived all undetermined suppression issues by accepting the prosecution's plea offer (*see, People v Berezansky*, 229 AD2d 768, 771, *lv denied* 89 NY2d 919). In addition, defendant acknowledged during the plea allocution that he was satisfied with the representation provided by defense counsel. Viewed in totality and as of the time of the representation, we find that defendant received meaningful representation (*see, People v Murphy*, 243 AD2d 954, 955; *People v Rafter*, 234 AD2d 711, *lv denied* 89 NY2d 1014).

Finally, notwithstanding defendant's statement to the probation officer that he pleaded guilty to avoid incarceration, the plea allocution reveals that defendant was fully aware that a term of imprisonment would be imposed. Under the circumstances presented, particularly in view of the heinous nature of the crime, we conclude that the sentence was neither harsh nor excessive and, therefore, we decline to disturb it (*see, People v McCann*, 242 AD2d 762; *People v Rafter, supra*). We have considered defendant's remaining claims and find them either unpreserved for our review or lacking in merit.

Mercure, Crew III, White and Spain, JJ., concur. Ordered that the judgment is affirmed.