■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL T. TUPER, Appellant. [681 NYS2d 808] —White, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered September 15, 1997, convicting defendant upon his plea of guilty of three counts of the crime of burglary in the third degree.

Defendant waived indictment and pleaded guilty to three counts of burglary in the third degree in satisfaction of four superior court informations containing 20 felony counts and waived his right to appeal all issues except sentencing. In exchange, the People agreed to recommend a prison sentence of 2 to 6 years on each count. County Court, however, considering defendant's criminal history and his failure to appreciate the severity of his crimes, rejected the recommendation and sentenced defendant to consecutive prison terms of 2¹/₃ to 7 years on each count. Defendant appeals.

We affirm. Initially, defendant contends that his guilty plea and waiver of appeal were not knowing, voluntary and intelligent because he was unaware that County Court could impose a more severe sentence than that recommended by the People. As defendant failed to move to withdraw his guilty plea or to vacate the judgment of conviction, he has failed to preserve this claim for our review (*see, People v Green*, 249 AD2d 691; *People v Fuller*, 245 AD2d 987, *lv denied* 91 NY2d 941). In any event, our review of the record discloses that defendant entered the guilty plea and waiver knowingly, voluntarily and intelligently. County Court explained the range of sentencing options available to it and defendant expressly acknowledged that the sentencing recommendation did not guarantee that a harsher sentence would not be imposed (*see, People v Hadsell*, 249 AD2d 682, *lv denied* 92 NY2d 852). In addition, we note that the District Attorney at the time of sentencing confirmed his earlier recommendation and made no suggestion, implicit or otherwise, that a harsher sentence be imposed (*compare, People v Oakes*, 252 AD2d 661).

Furthermore, given the voluntary nature of defendant's

guilty plea and waiver of appeal, his claim of ineffective assistance of counsel is also unpreserved for our review (*see, People v Johnson*, 243 AD2d 997, *lv denied* 91 NY2d 927). In any event, defendant indicated during the plea allocution that he was satisfied with defense counsel's services and the record as a whole reveals that defendant was afforded meaningful representation (*see, People v Fuller, supra*, at 988).

Finally, given defendant's history of theft-related crimes, the fact that he had violated his probation and that the current charges involved stealing property valued in excess of $40,000, we are unpersuaded that the sentence imposed was harsh and excessive (*see, People v Greenwood*, 245 AD2d 972, *lv denied* 91 NY2d 973). Defendant's remaining contentions have been reviewed and rejected as without merit.

Crew III, J. P., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.