■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNA J. COLEMAN, Appellant. [705 NYS2d 422] —Carpinello, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered November 16, 1998, convicting defendant upon her plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

In satisfaction of an indictment charging her with various drug-related crimes, defendant pleaded guilty to criminal sale of a controlled substance in the third degree with the understanding that she would be sentenced to a prison term of 1 to 3 years. As a condition of her release pending sentencing, County

Court warned defendant that it was authorized to impose an enhanced sentence of 8⅓ to 25 years in prison if she failed to appear for sentencing or was arrested on new charges before then. Defendant failed to appear on the scheduled sentencing date and eventually returned to court several months later, at which time she claimed that her nonappearance on the original sentencing date was not willful because she feared that any sentence imposed would be served at the County Jail where she had been sexually harassed by a correction officer during a previous period of incarceration. County Court adjourned the sentencing hearing in order to permit further investigation into this claim but, when the results of the investigation were disclosed on the new sentencing date two months later, the court found that defendant failed to substantiate her claim of sexual harassment. Defendant's request for an evidentiary hearing on the issue of willfulness was denied, following which County Court imposed an enhanced sentence of 3 to 9 years in prison. Defendant appeals.

Contrary to defendant's contention, County Court was not required to conduct an evidentiary hearing prior to imposing the enhanced sentence since the court gave defendant an opportunity to demonstrate the alleged mitigating circumstances surrounding her nonappearance and was ultimately satisfied that defendant's claim had no legitimate basis (*see, People v Outley*, 80 NY2d 702, 712-713; *People v Whittaker*, 257 AD2d 854, *lv denied* 93 NY2d 880). Notwithstanding defendant's lack of prior criminal involvement, because defendant was fully aware that her nonappearance could result in an enhanced sentence and the sentence imposed was less than the harshest she could have received, we decline to reduce defendant's sentence in the interest of justice (*see, People v O'Byrne*, 262 AD2d 867, *lv denied* 93 NY2d 1024; *People v Dove*, 236 AD2d 644).

Mercure, J. P., Crew III, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.