■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH JESSUP, Appellant. [730 NYS2d 756] —Judgment unanimously affirmed. Memorandum: Defendant contends that reversal is required because County Court failed to ensure that his guilty plea was not coerced by an agreement to return forfeited bail money to his mother. Defendant told the court under oath that he had not been threatened or pressured, and

the record of the plea proceeding does not otherwise indicate that the plea was coerced. Defendant waived his right to appeal as part of his guilty plea and thereafter was sentenced without moving to withdraw his plea or vacate the judgment of conviction. Thus, although defendant's contention survives the waiver of the right to appeal, it is not preserved for our review (*see, People v Richardson,* 275 AD2d 864, 865, *lv denied* 95 NY2d 937; *People v Williams,* 272 AD2d 986; *People v Vallejo,* 261 AD2d 962, *lv denied* 93 NY2d 1029), and the "plea allocution does not qualify for the narrow, 'rare case' exception to the preservation doctrine" (*People v Toxey,* 86 NY2d 725, 726, *rearg denied* 86 NY2d 839, quoting *People v Lopez,* 71 NY2d 662, 666). (Appeal from Judgment of Monroe County Court, Marks, J.—Attempted Criminal Possession Controlled Substance, 3rd Degree.) Present—Green, J. P., Scudder, Kehoe, Gorski and Lawton, JJ.