The People of the State of New York, Respondent, v Carl D. Nimmons, Appellant. (Appeal No. 1.) [811 NYS2d 848]—

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered September 15, 2004. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: In each of these three appeals, defendant appeals from a judgment convicting him upon a guilty plea of, respectively, assault in the second degree (Penal Law § 120.05 [7]), assault in the first degree (§ 120.10 [1]), and criminal possession of a controlled substance in the fourth degree (§ 220.09 [1]). Although the contention of defendant that his pleas were not knowingly and voluntarily entered survives his waivers of the right to appeal entered with respect to the pleas (*see People v McKay*, 5 AD3d 1040 [2004], *lv denied* 2 NY3d 803 [2004]; *People v DeJesus*, 248 AD2d 1023 [1998], *lv denied* 92 NY2d 878 [1998]), that contention is without merit. The record establishes that defendant was advised of his rights and that his pleas were voluntarily entered with full knowledge of their consequences (*see People v Hart*, 284 AD2d 982 [2001], *lv denied* 97 NY2d 641 [2001]; *see generally People v Fiumefreddo*, 82 NY2d 536, 543 [1993]).

Finally, we reject the further contention of defendant that County Court abused its discretion in denying his motions to withdraw his guilty pleas. Defendant's allegations of duress and innocence in support of the motions are belied by defendant's statements during the plea proceedings, wherein defendant knowingly and voluntarily admitted that he committed the

crimes at issue (*see People v Beaty*, 303 AD2d 965 [2003], *lv denied* 100 NY2d 559 [2003]; *People v Rickard*, 262 AD2d 1073 [1999], *lv denied* 94 NY2d 828 [1999]). Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Kehoe and Hayes, JJ.