THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM FRAZIER, Appellant. [869 NYS2d 826]

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal sexual act in the first degree (Penal Law §§ 110.00, 130.50 [1]) and attempted rape in the first degree (§§ 110.00, 130.35 [1]). We reject the contention of defendant that Supreme Court abused its discretion in denying his motion to withdraw the guilty plea. "Defendant's allegations of duress and innocence in support of the motion[ ] are belied by defendant's statements during the plea proceeding, wherein defendant knowingly and voluntarily admitted that he committed the crimes at issue" (*People v Nimmons*, 27 AD3d 1186, 1186-1187 [2006], *lv denied* 6 NY3d 851 [2006]). Contrary to the further contention of defendant, the record of the plea proceeding also establishes that he validly waived the right to appeal (*see People v Burney*, 41 AD3d 1221 [2007], *lv denied* 9 NY3d 863 [2007]). The plea of guilty by defendant forecloses our review of his contention that the court erred in denying his motion to dismiss the indictment pursuant

to CPL 580.20 (*see People v Zak*, 242 AD2d 895 [1997], *lv denied* 91 NY2d 837 [1997]), as well as his contention in his pro se supplemental brief that he was denied his right to be present during an alleged discussion concerning the rape shield statute (*see People v Graham*, 44 AD3d 328 [2007]), and his contention that the dates and times charged in the indictment were insufficiently specific (*see People v DeBoard*, 267 AD2d 960 [1999]). The valid waiver by defendant of the right to appeal encompasses his challenge in his pro se supplemental brief to the mandatory surcharge and fees imposed by the court (*see People v Lemos*, 34 AD3d 343 [2006], *lv denied* 8 NY3d 924 [2007]). Present—Hurlbutt, J.P., Martoche, Smith, Peradotto and Green, JJ.