■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOMER BROWN, JR., Appellant. [873 NYS2d 400]—

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered October 5, 2005. The judgment convicted defendant, upon his plea of guilty, of robbery in the third degree and grand larceny in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of robbery in the third degree (Penal Law § 160.05) and grand larceny in the fourth degree (§ 155.30 [5]), defendant contends that his plea was not voluntarily entered and that County Court abused its discretion in denying his motion to withdraw the plea without conducting a hearing (*see* CPL 220.60 [3]). We reject those contentions. "Trial judges are vested with discretion in deciding plea withdrawal motions because they are best able to determine whether a plea is entered voluntarily, knowingly and intelligently" (*People v Alexander*, 97 NY2d 482, 485 [2002]). Here, defendant's allegations of duress and coercion are belied by the statements of defendant during the plea colloquy, wherein he knowingly and voluntarily admitted that he committed the crimes to which he was

pleading guilty (*see People v Nimmons*, 27 AD3d 1186 [2006], *lv denied* 6 NY3d 851 [2006]; *People v Dale*, 235 AD2d 565, 566 [1997]). Present—Hurlbutt, J.P., Smith, Fahey, Peradotto and Pine, JJ.