People v Coleman (2019 NY Slip Op 02241)





People v Coleman


2019 NY Slip Op 02241


Decided on March 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1151 KA 16-01964

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSHUA COLEMAN, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered September 1, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a forged instrument in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of two counts of criminal possession of a forged instrument in the second degree (Penal Law
§ 170.25). In appeal No. 2, defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, three counts of criminal possession of a forged instrument in the second degree (id.). We affirm in both appeals.
Defendant's contention in both appeals that County Court imposed certain surcharges and fees in violation of Penal Law § 60.35 is not preserved for our review and, in any event, it lacks merit because, at the time of sentencing, restitution had not yet "been made" (People v Ziolkowski, 9 AD3d 915, 915 [4th Dept 2004], lv denied 3 NY3d 683 [2004] [internal quotation marks omitted]; see § 60.35 [6]).
Contrary to defendant's further contention, he validly waived his right to appeal from both judgments (see People v Tyes, 160 AD3d 1447, 1447 [4th Dept 2018], lv denied 31 NY3d 1154 [2018]; People v Oberdorf, 136 AD3d 1291, 1292 [4th Dept 2016], lv denied 27 NY3d 1073 [2016]; People v Ripley, 94 AD3d 1554, 1555 [4th Dept 2012], lv denied 19 NY3d 976 [2012]; People v Frank, 258 AD2d 900, 900 [4th Dept 1999], lv denied 93 NY2d 924 [1999]; see generally People v Lopez, 6 NY3d 248, 256-257 [2006]), and that waiver forecloses his challenge in each appeal to the severity of his sentences (see Lopez, 6 NY3d at 255-256).
Finally, we note that the uniform sentence and commitment form in each appeal contains an incorrect offense date and must therefore be amended to reflect the correct dates set forth in the superior court information and indictment, respectively (see People v Southard, 163 AD3d 1461, 1462 [4th Dept 2018]).
All concur except Nemoyer, J., who concurs in the result in the following memorandum: I join the majority's disposition and its reasoning in all respects except its analysis of defendant's challenge to the mandatory fees and surcharges. In my view, because the various fees and surcharges required by Penal Law § 60.35 are not part of a criminal sentence (see People v Guerrero, 12 NY3d 45, 47 [2009]), defendant's valid, general, and unrestricted waiver of his [*2]right to appeal forecloses our review of his challenge to the legality of those assessments in this case (see People v Wilson, 168 AD3d 889, 890 [2d Dept 2019]; People v Logan, 125 AD3d 688, 688 [2d Dept 2015]; People v Morales, 119 AD3d 1082, 1084 [3d Dept 2014], lv denied 24 NY3d 1086 [2014]; People v Frazier, 57 AD3d 1460, 1461 [4th Dept 2008], lv denied 12 NY3d 783 [2009]). I would go no further than that.
Entered: March 22, 2019
Mark W. Bennett
Clerk of the Court