■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY HALL, Appellant.—Judgment, Supreme Court, Bronx County (Robert Johnson, J., at plea; Angela Mazzarelli, J., on motion to withdraw plea and at sentencing), rendered September 13, 1988, convicting defendant of assault in the second degree and sentencing him to an indeterminate term of 3 to 6 years' imprisonment, unanimously affirmed.

On November 4, 1987, defendant, who was charged with attempted murder, waived indictment and pleaded guilty to assault in the second degree, in exchange for a promised sentence of 3 to 6 years. Earlier, while in custody awaiting arraignment, defendant attempted suicide by hanging, and was transferred to Kings County Hospital between October 30th and November 3rd, where he received antipsychotic drugs and tranquilizers. On November 3rd, the day before he pleaded guilty, defendant was again transferred to Bellevue Hospital, where he received Vistaril, a tranquilizer, and Benedryl, a sleeping medication.

Defendant, represented by new counsel, moved prior to sentencing to withdraw his plea, on the ground that defendant was confused by the medications he was receiving and was therefore unable to voluntarily and intelligently plead guilty. A hearing was held, at which the only witness was defendant's prior Legal Aid counsel. Defendant also submitted voluminous records of his hospitalization. The court (Mazzarelli, J.), in a written decision, after careful and exhaustive analysis of both the testimony and the hospital records, denied the motion and imposed the agreed-upon sentence.

Defendant now argues that the motion should have been granted, and additionally, that the failure to adduce expert psychiatric testimony at the hearing constituted ineffective assistance of counsel.

We note, at the outset, although the point is not raised, that defendant's suicide attempt, if interpreted as indicative of mental illness, nevertheless did not in itself require a hearing as to defendant's competency. *(See generally, People v Gensler,* 72 NY2d 239, *cert denied* 488 US 932.) Indeed, defendant's first counsel testified at the hearing to withdraw the plea that defendant appeared to be rational. The plea minutes do not

reveal any unusual behavior by defendant—indeed, his answers were more than mere monosyllabic responses, and reflect normal thinking. Furthermore, the hospital records do not indicate any adverse effects, such as confusion, resulting from the medications prescribed to defendant.

Nor has defendant established ineffective assistance of trial counsel in failing to call a medical expert to testify at the hearing. We cannot say that counsel's deliberate reliance on the medical records was not a matter of strategy. Moreover, in view of the cogent evidence that defendant was competent the failure to call a medical witness may just as likely be explained, not by counsel's oversight, but by the tenuous nature of defendant's arguments. Concur—Kupferman, J. P., Sullivan, Ross, Ellerin and Rubin, JJ.