■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY E. BROWN, Appellant. [779 NYS2d 683]—

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered September 15, 2003. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated as a felony.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of driving while intoxicated as a class E felony (Vehicle and Traffic Law former § 1192 [2]; § 1193 [1] [c] [i]). County Court did not err in failing to order sua sponte a competency examination pursuant to CPL 730.30 (1). Although defendant stated at the plea proceeding that he had suffered a severe concussion and was taking unspecified medication that affected his ability "to understand what's going on," he nevertheless stated that he understood that he was entering a plea (*see People v Murray*, 255 AD2d 997 [1998], *lv denied* 93 NY2d 975 [1999]; *People v Truss*, 187 AD2d 742 [1992], *lv denied* 81 NY2d 848 [1993]). In addition, defendant asked relevant questions during that proceeding and responded appropriately to the court's questions (*see People v Planty*, 238 AD2d 806, 807 [1997], *lv denied* 89 NY2d 1098 [1997]; *People v Hall*, 168 AD2d 310, 310-311 [1990], *lv denied* 77 NY2d 906 [1991]). We further note that "defense counsel, 'who was in the best position to assess defendant's capacity,' did not raise the issue of defendant's fitness to proceed or request an examination pursuant to CPL 730.30 (2)" (*People v Carbonel*, 296 AD2d 858, 858 [2002], quoting *People v Gelikkaya*, 84 NY2d 456, 460 [1994]).

Defendant failed to move to withdraw the plea or vacate the judgment of conviction and thus failed to preserve for our review his contention that the plea was otherwise not knowingly, intelligently and voluntarily entered (*see People v Negron*, 280 AD2d 780 [2001], *lv denied* 96 NY2d 832 [2001]). Moreover, defendant failed to preserve for our review his contention that the court erred in considering prior arrests not resulting in convictions when it imposed sentence (*see People v Woodworth*, 278 AD2d 864 [2000], *lv denied* 96 NY2d 870 [2001]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, the waiver of the right to appeal encompasses defendant's contention that the sentence is unduly harsh or severe (*see People v Lococo*, 92 NY2d 825, 827 [1998]). Present—Green, J.P., Hurlbutt, Kehoe, Martoche and Hayes, JJ.