■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER KLEIN, Appellant. [783 NYS2d 177]—

Appeal from a judgment of the Supreme Court, Erie County (John F. O'Donnell, J.), rendered May 14, 2003. The judgment convicted defendant, upon his plea of guilty, of sodomy in the third degree and sexual abuse in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of sodomy in the third degree (Penal Law former § 130.40 [2]) and sexual abuse in the third degree (§ 130.55). Supreme Court did not abuse its discretion in failing to order sua sponte a competency examination pursuant to CPL 730.30 (1) (see People v Brown, 9 AD3d 884, 885 [2004]). Nor did the court abuse its discretion in denying defendant's motion to withdraw the guilty plea. Although the record indicates that defendant had previously undergone psychiatric treatment, "[t]here was not the slightest indication that defendant was uninformed, confused or incompetent" when he entered the plea (People v Alexander, 97 NY2d 482, 486 [2002]; see People v Beaty, 303 AD2d 965 [2003], lv denied 100 NY2d 559 [2003]). Defendant's alleged lack of awareness that the conviction could result in deportation does not affect the voluntariness of the plea or warrant its vacatur (see CPL 220.50 [7]; People v Ford, 86 NY2d 397, 403-404 [1995]). Defendant, a native of Romania, had lived in the United States for approximately 30 years at the time of the plea proceeding, and he assured the court that he

understood English well enough to comprehend that proceeding. Thus, the record belies the present contention of defendant that the plea was not knowingly and voluntarily entered because of his inability to speak and understand English (*see People v Rodriguez*, 221 AD2d 820, 821 [1995], *lv denied* 87 NY2d 924 [1996]; *People v Ramirez*, 137 AD2d 770 [1988], *lv denied* 71 NY2d 1031 [1988]). Finally, defendant's belated claim of innocence lacks support in the record and is contrary to defendant's admissions at the plea proceeding (*see People v Falaro*, 284 AD2d 972 [2001]). Present—Pigott, Jr., P.J., Green, Hurlbutt, Kehoe and Martoche, JJ.