THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY S. YOHO, Appellant. [808 NYS2d 856]—

Appeal from a judgment of the Seneca County Court (Dennis F. Bender, J.), rendered March 9, 2004. The judgment convicted defendant, upon his plea of guilty, of criminal possession of marihuana in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of marihuana in the third degree (Penal Law § 221.20). County Court did not err in failing to order, sua sponte, a competency examination pursuant to CPL 730.30 (1). Although defendant stated during the plea proceeding that he was taking medication and was being treated for a mental disability, defendant nonetheless responded appropriately to questioning by the court (*see People v Planty*, 238 AD2d 806, 807 [1997], *lv denied* 89 NY2d 1098 [1997]) and was "unequivocal in assuring the court that he understood the meaning of the plea proceeding, and the implications of his decision to accept the plea agreement" (*People v Helm*, 178 AD2d 656, 656 [1991]; *see People v Klein*, 11 AD3d 959 [2004]). Moreover, defense counsel, who was " 'in the best position to assess defendant's capacity' " and was aware of defendant's mental illness, did not raise the issue of defendant's fitness to proceed or request an examination pursuant to CPL 730.30 (*People v Brown*, 9 AD3d 884, 885 [2004], *lv denied* 3 NY3d 671 [2004], quoting *People v Carbonel*, 296 AD2d 858, 858 [2002]). The waiver by defendant of his right to appeal encompasses his contention concerning the issue of the severity of the sentence (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]) and, in any event, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Scudder, Gorski, Martoche and Smith, JJ.