██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OLIVER KIMMONS, Appellant. [834 NYS2d 421]—

Appeal from a judgment of the Niagara County Court (Peter L. Broderick, Sr., J.), rendered July 13, 2004. The judgment convicted defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Niagara County Court for resentencing in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal sale of a controlled substance in the third degree (Penal Law §§ 110.00, 220.39 [1]). Contrary to the contention of defendant, County Court did not abuse its discretion in denying his oral motion to withdraw his plea of guilty without conducting a hearing. "Only in the rare instance will a defendant be entitled to an evidentiary hearing" (*People v Tinsley*, 35 NY2d 926, 927 [1974]). Here, defendant's belated and conclusory allegations of innocence in support of the motion are belied by the plea colloquy (*see People v Jackson*, 34 AD3d 1304 [2006], *lv denied* 8 NY3d 846 [2007]), and there is no support in the record for defendant's contention that the informant recanted.

Although defendant failed to preserve for our review his fur-

ther contention that the court failed to comply with CPL 400.21 in sentencing him as a second felony offender (*see People v Simpson*, 35 AD3d 1182, 1183 [2006]; *People v Beu*, 24 AD3d 1257 [2005], *lv denied* 6 NY3d 809 [2006]; *see also People v Pellegrino*, 60 NY2d 636 [1983]), we exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). The People concede that they did not file a second felony statement pursuant to CPL 400.21, and we conclude that there was no substantial compliance with the statute (*cf. People v Bouyea*, 64 NY2d 1140, 1142 [1985]). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for resentencing in compliance with CPL 400.21. Present—Scudder, P.J., Smith, Fahey, Peradotto and Pine, JJ.