■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT J. WEBBER, Appellant. [856 NYS2d 415]—

Appeal from a judgment of the Wayne County Court (John B. Nesbitt, J.), rendered September 21, 2006. The judgment convicted defendant, upon his plea of guilty, of rape in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a plea of guilty, of rape in the third degree (Penal Law § 130.25 [2]). By failing to move to withdraw the plea or to vacate the judgment of conviction, defendant failed to preserve for our review his contentions that his plea was not knowingly and voluntarily entered (*see People v Bennefield*, 306 AD2d 911 [2003]), and that the plea allocution was factually insufficient (*see People v Lopez*, 71 NY2d 662, 665 [1988]). In any event,

those contentions are without merit. The record establishes that the plea was knowingly and voluntarily entered (*see People v Walker*, 47 AD3d 965 [2008]), and because defendant pleaded guilty to a lesser charge, "a factual basis" for that charge was not required (*People v Clairborne*, 29 NY2d 950, 951 [1972]; *see People v Turner*, 16 AD3d 1150 [2005], *lv denied* 5 NY3d 770 [2005]). Defendant failed to preserve for our review his further contention that his sentence must be vacated inasmuch as the People failed to file a predicate felony statement prior to sentencing (*see generally People v Whaley*, 44 AD3d 1079 [2007]). In any event, that contention also lacks merit. Defendant was sentenced immediately following the entry of the plea, and it is undisputed that County Court imposed the sentence before the People filed the predicate felony statement pursuant to CPL 400.21 (2). When defense counsel brought that fact to the court's attention, the court adjourned the proceeding briefly to permit the People to submit the predicate felony statement. Following the adjournment, defense counsel acknowledged receipt of the statement, and defendant then admitted that he was the person convicted of the offense and stated that he did not contest the legality or constitutionality of the prior conviction. We therefore conclude that the statutory purpose for filing the predicate felony statement was fulfilled, i.e., the court was apprised of the prior conviction and "defendant [was provided] with reasonable notice and an opportunity to be heard" (*People v Bouyea*, 64 NY2d 1140, 1142 [1985]; *see also Whaley*, 44 AD3d 1079 [2007]; *cf. People v Kimmons*, 39 AD3d 1180 [2007]). Present—Scudder, P.J., Hurlbutt, Smith, Fahey and Gorski, JJ.