■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND GUZMAN, Appellant. [894 NYS2d 309]—

Appeal from a judgment of the Monroe County Court (John R. Schwartz, A.J.), rendered August 7, 2006. The judgment convicted defendant, upon his plea of guilty, of criminal sexual act in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of criminal sexual act in the first degree (Penal Law § 130.50 [1]), defendant contends that County Court erred in refusing to suppress the results of testing or analysis of his bodily fluids, obtained through an oral swab. Although the People are incorrect in asserting that defendant failed to preserve his contention for our review (*see* CPL 470.05 [2]; *cf. People v Rogers*, 277 AD2d 876 [2000], *lv denied* 96 NY2d 834 [2001]; *People v Jamison*, 219 AD2d 853 [1995], *lv denied* 87 NY2d 974, 88 NY2d 966 [1996]), we nevertheless conclude that defendant's contention lacks merit because defendant's consent to the oral swab was voluntarily given (*see People v Gonzalez*, 39 NY2d 122, 128 [1976]; *People v Hall*, 35 AD3d 1171 [2006], *lv denied* 8 NY3d 923 [2007]; *People v Caldwell*, 221 AD2d 972 [1995], *lv denied* 87 NY2d 920 [1996]).

Defendant further contends that the court should have granted his motion to withdraw his plea based on his protestations of innocence and his assertion that the plea was not knowing, voluntary and intelligent. We reject that contention. The record establishes that defendant's plea was knowing, voluntary, and intelligent (*see People v Spikes*, 28 AD3d 1101, 1102 [2006], *lv denied* 7 NY3d 818 [2006]; *People v Murray*, 207 AD2d 999 [1994], *lv denied* 84 NY2d 1014 [1994]), and defendant did not submit any new evidence to substantiate his protestations of innocence (*see People v Baret*, 11 NY3d 31, 33-34 [2008]; *People v Kimmons*, 39 AD3d 1180 [2007]; *People v Klein*, 11 AD3d 959 [2004]). Thus, contrary to defendant's contention, the court did not err in summarily denying his motion, and the court had no duty to conduct an inquiry to determine whether the plea was knowingly, voluntarily and intelligently entered (*see People v Lopez*, 71 NY2d 662, 666 [1988]). Present—Smith, J.P., Peradotto, Carni, Pine and Gorski, JJ.