**SUPREME COURT OF THE STATE OF NEW YORK**
*Appellate Division, Fourth Judicial Department*

**748.1**
**KA 05-00172**
PRESENT: SCUDDER, P.J., CENTRA, FAHEY, PERADOTTO, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

CYRIL WINEBRENNER, DEFENDANT-APPELLANT.

---

JEFFREY WICKS, PLLC, ROCHESTER (JEFFREY WICKS OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered March 30, 2005.  The judgment convicted defendant, upon his plea of guilty, of murder in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  On appeal from a judgment convicting him upon a plea of guilty of murder in the first degree (Penal Law § 125.27 [1] [a] [vi]; [b]), defendant contends that County Court abused its discretion in failing, sua sponte, to order a competency examination pursuant to CPL 730.30 (1).  In support of his contention, defendant relies on evidence contained in the presentence report and his sentencing memorandum, both of which were received by the court after defendant entered his plea.  Before addressing the merits of defendant's contention, we note "that the issue of competency to stand trial may be raised on appeal despite the absence of any objection to the . . . court's failure to cause the defendant to be examined" (*People v Armlin*, 37 NY2d 167, 172; *see People v Bennefield*, 306 AD2d 911, 912; *People v Moore*, 203 AD2d 900, 900, *lv denied* 84 NY2d 830; *People v Meurer*, 184 AD2d 1067, 1068, *lv dismissed* 80 NY2d 835, *lv denied* 80 NY2d 907; *see also People v Keebler*, 15 AD3d 724, 726, *lv denied* 4 NY3d 854; *People v Frazier*, 114 AD2d 1038, 1039, *lv denied* 67 NY2d 883).  To the extent that our decision in *People v Bryant* (87 AD3d 1270, 1271, *lv denied* 18 NY3d 881) stated that preservation of such a contention was required, we disavow that statement.

With respect to the merits of defendant's contention, "[i]t is fundamental that the trial of a criminal defendant while he is mentally incompetent violates due process" (*People v Arnold*, 113 AD2d 101, 102).  The test for competency "is whether the defendant has sufficient present ability to consult with his [or her] lawyer with a reasonable degree of rational understanding—and whether he [or she]

has a rational as well as factual understanding of the proceedings against him [or her]" (*id.* [internal quotation marks omitted]), and a court may sua sponte order a competency examination at any time before a final judgment is entered (*see People v Smyth*, 3 NY2d 184, 187, *rearg denied* 3 NY2d 942; *see also Armlin*, 37 NY2d at 171). "In determining whether a . . . court should have invoked the procedures of CPL article 730 and directed an examination and hearing on defendant's competency, the focus is on what the . . . court did in light of what it knew or should have known of the defendant at any time before final judgment . . . The test to be applied has been formulated as follows: 'Did the . . . judge receive information which, objectively considered, should reasonably have raised a doubt about defendant's competency and alerted [the judge] to the possibility that the defendant could neither understand the proceedings or appreciate their significance, nor rationally aid his [or her] attorney in [the] defense' " (*Arnold*, 113 AD2d at 102-103).

We agree with the People that, before the court received the presentence report and sentencing memorandum, there is nothing in this record that would have alerted the court to any issue concerning defendant's competency. " '[T]here is no indication in the record that defendant was unable to understand the proceedings or that he was mentally incompetent at the time he entered his guilty plea' " (*People v Robinson*, 39 AD3d 1266, 1267, *lv denied* 9 NY3d 869). Thus, any contention that the court should have sua sponte ordered a competency examination *before* accepting defendant's plea lacks merit.

We further conclude that the evidence contained in the presentence report and sentencing memorandum did not raise any doubt about defendant's competency at the time of the plea or at the time of sentencing. Those documents established that, 10 months before the crime and 2½ years before the plea, defendant had a 24-hour hospitalization that was allegedly caused by a conversion disorder. At the time of the plea and at sentencing, defendant spoke coherently about his role in the crime and his remorse for his actions. He indicated that he understood that he was entering a plea of guilty, and he responded appropriately to the court's questions (*see People v Majors*, 73 AD3d 1382, 1382-1383, *lv denied* 15 NY3d 775; *People v Brown*, 9 AD3d 884, 885, *lv denied* 3 NY3d 671; *People v Murray*, 255 AD2d 997, *lv denied* 93 NY2d 975; *cf. Arnold*, 113 AD2d at 103-104; *People v Cartagena*, 92 AD2d 901, 901-902). The court was able to observe defendant and to interact with him (*see People v Yu-Jen Chang*, 92 AD3d 1132, 1134-1135; *People v Chicherchia*, 86 AD3d 953, 954, *lv denied* 17 NY3d 952), and "defense counsel, who was in the best position to assess defendant's capacity, did not raise the issue of defendant's fitness to proceed or request an examination pursuant to CPL 730.30 (2)" (*Brown*, 9 AD3d at 885 [internal quotation marks omitted]; *see Chicherchia*, 86 AD3d at 954).

Defendant further contends that he was denied effective assistance of counsel because defense counsel allowed defendant to plead guilty without an adequate inquiry into his mental state. We reject that contention. Defendant has "failed to 'demonstrate the absence of strategic or other legitimate explanations' . . . for the

absence of a psychiatric . . . defense" (*People v Leiva*, 59 AD3d 161, 162, *lv denied* 12 NY3d 818, quoting *People v Rivera*, 71 NY2d 705, 709; *see People v Williams*, 41 AD3d 1252, 1254; *People v Alexander*, 266 AD2d 906, *lv denied* 94 NY2d 916), and the record on appeal establishes that defense counsel attempted to obtain the records related to defendant's hospital admission but had no success.  In any event, as the People correctly noted at oral argument of this appeal, defendant's challenge to defense counsel's investigative efforts "involves matter[s] which [are] dehors the record and is not properly presented on direct appeal" (*People v Miller*, 81 AD3d 854, 855, *lv denied* 16 NY3d 861).

Entered:  June 15, 2012

Frances E. Cafarell
Clerk of the Court