# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**939**

**KA 14-02102**

PRESENT: WHALEN, P.J., CENTRA, CARNI, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                              MEMORANDUM AND ORDER

TOMMY L. MARTIN, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (MICHAEL HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered October 28, 2014. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]). Defendant contends that Supreme Court failed to comply with the mandatory requirements of CPL article 730, and thus denied him due process of law and erred in finding him competent to stand trial. At the outset, we note that defendant was not required to preserve that contention for our review (*see People v Armlin*, 37 NY2d 167, 172; *People v Winebrenner*, 96 AD3d 1615, 1615-1616, *lv denied* 19 NY3d 1029; *People v Meurer*, 184 AD2d 1067, 1068, *lv dismissed* 80 NY2d 835, *lv denied* 80 NY2d 907). Nonetheless, we conclude that the record contains no indication that the court failed to comply with the requirements of CPL article 730 (*see generally Winebrenner*, 96 AD3d at 1616). Upon determining that defendant may be an incapacitated person, the court properly issued an order of examination (*see* CPL 730.30 [1]). Contrary to defendant's contention, the order of examination was "issued to an appropriate director" (CPL 730.10 [2]), inasmuch as it was issued to "the director of community mental health services of the county where the criminal action [was] pending" (22 NYCRR 111.2 [a]).

Defendant further contends that the experts who testified at a competency hearing were not specialists in the field of developmental disabilities and therefore were not qualified to offer an opinion whether defendant was an incapacitated person. We reject that

contention.  The director appointed two psychiatrists to examine defendant (*see* CPL 730.20 [1]), and at a competency hearing held upon defendant's motion (*see* CPL 730.30 [2]), the parties stipulated to the qualifications and expertise of the psychiatric examiners to obviate the need for an extensive evaluation of their credentials (*see generally People v Vandemark*, 225 AD2d 716, 716, *lv denied* 88 NY2d 943).  Indeed, we note that one of those psychiatrists testified that he worked specifically with persons who suffer from developmental disabilities and routinely performed mental competency evaluations on such persons.

Contrary to defendant's further contention, the statute does not require the court to issue a written decision containing any particular findings.  After reviewing the evidence presented at the hearing, the court, being "satisfied that the defendant is not an incapacitated person," properly ordered the criminal action to proceed (CPL 730.30 [2]).

Defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence that he unlawfully entered a dwelling (*see People v Gray*, 86 NY2d 10, 19).  In any event, we conclude that the conviction is supported by legally sufficient evidence (*see generally People v Danielson*, 9 NY3d 342, 349).  A dwelling is "a building which is usually occupied by a person lodging therein at night" (Penal Law § 140.00 [3]; *see People v McCray*, 23 NY3d 621, 625-626, *rearg denied* 24 NY3d 947), and this building was used for that purpose.  Although the building that defendant unlawfully entered contained a restaurant, at trial the People introduced photographs of the interior of the building that depicted bedrooms, a bathroom with shower, and a washer and dryer.  Moreover, the restaurant's owner testified that he, his wife, and his son slept in the building every night, including the night of the burglary.

We conclude that defendant failed to preserve his further contention that Penal Law § 140.25 (2) is unconstitutionally vague as applied to him inasmuch as he did not move to dismiss the indictment on that ground (*see People v Iannelli*, 69 NY2d 684, 685, *cert denied* 482 US 914; *People v Knapp*, 79 AD3d 1805, 1807, *lv denied* 17 NY3d 807).

Finally, defendant's sentence is not unduly harsh or severe.

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court