People v Chapman (2020 NY Slip Op 00774)





People v Chapman


2020 NY Slip Op 00774


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, TROUTMAN, AND BANNISTER, JJ.


1259 KA 18-00755

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMELL CHAPMAN, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMELL CHAPMAN, DEFENDANT-APPELLANT PRO SE.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered April 18, 2018. The judgment convicted defendant upon a plea of guilty of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]), defendant contends in his main brief that his waiver of the right to appeal is not valid. We reject that contention. The record establishes that, prior to the plea, Supreme Court advised defendant of the maximum sentence that could be imposed (see People v Lococo, 92 NY2d 825, 827 [1998]); that the court "did not improperly conflate the waiver of the right to appeal with those rights automatically forfeited by a guilty plea" (People v Tilford, 162 AD3d 1569, 1569 [4th Dept 2018], lv denied 32 NY3d 942 [2018] [internal quotation marks omitted]); and that defendant understood that he was waiving his right to appeal both the conviction and the sentence. Thus, we conclude that defendant's waiver of the right to appeal was knowing, voluntary and intelligent (see generally People v Lopez, 6 NY3d 248, 256 [2006]), and that valid waiver forecloses his challenge in his main brief to the severity of the sentence (see id. at 255; see generally Lococo, 92 NY2d at 827; People v Hidalgo, 91 NY2d 733, 737 [1998]).
Defendant contends in his pro se supplemental brief that the guilty plea was not entered knowingly, voluntarily and intelligently due to the prosecution's failure to comply with its Brady obligations (see generally Brady v Maryland, 373 US 83, 87 [1963]). "Even assuming, arguendo, that defendant's contention survives his valid waiver of the right to appeal" (People v Kyler, 96 AD3d 1431, 1431 [4th Dept 2012]), defendant failed to preserve that contention for our review (see People v Johnson, 60 AD3d 1496, 1497 [4th Dept 2009], lv denied 12 NY3d 926 [2009]). In any event, we conclude that "there is no support in the record for defendant's contention that the People committed a Brady violation that induced him to plead guilty" (People v Williams, 170 AD3d 1666, 1666 [4th Dept 2019]).
Defendant further contends in his pro se supplemental brief that the court erred in failing to order a competency hearing sua sponte. That contention survives the plea and the valid waiver of the right to appeal to the extent that it implicates the voluntariness of the plea (see People v Stoddard, 67 AD3d 1055, 1055 [3d Dept 2009], lv denied 14 NY3d 806 [2010]; People v Jermain, 56 AD3d 1165, 1165 [4th Dept 2008], lv denied 11 NY3d 926 [2009]), and it need not be preserved for our review (see People v Henderson, 162 AD3d 1507, 1508 [4th Dept 2018], lv denied 32 NY3d 1004 [2018]). Nevertheless, we reject defendant's contention. It is well settled that a defendant's " history of psychiatric illness does not in itself call into question defendant's [*2]competence' to proceed" (People v Carpenter, 13 AD3d 1193, 1194 [4th Dept 2004], lv denied 4 NY3d 797 [2005], quoting People v Tortorici, 92 NY2d 757, 765 [1999], cert denied 528 US 834 [1999]), and evidence that a defendant is " emotionally distraught' when pleading guilty affords no basis to withdraw the plea" (People v Alexander, 97 NY2d 482, 486 [2002]). Here, we conclude that nothing in the plea proceeding established that defendant's mental illness or his attempt at suicide "so stripped him of orientation or cognition that he lacked the capacity to plead guilty" (id.). He "responded appropriately to questioning by the court . . . and was unequivocal in assuring the court that he understood the meaning of the plea proceeding, and the implications of his decision to accept the plea agreement' " (People v Yoho, 24 AD3d 1247, 1248 [4th Dept 2005]; see People v Terry, 90 AD3d 1571, 1571 [4th Dept 2011]). Moreover, "defense counsel, who was in the best position to assess defendant's capacity, did not raise the issue of defendant's fitness to proceed or request an examination pursuant to CPL 730.30 (2)" (People v Brown, 9 AD3d 884, 885 [4th Dept 2004], lv denied 3 NY3d 671 [2004] [internal quotation marks omitted]; see People v Winebrenner, 96 AD3d 1615, 1617 [4th Dept 2012], lv denied 19 NY3d 1029 [2012]) and, indeed, we note that defense counsel specifically stated at sentencing that there was no basis upon which to challenge defendant's competence to proceed at the time of the plea.
We have considered the remaining contention in defendant's pro se supplemental brief and conclude that it does not warrant reversal or modification of the judgment.
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court