People v Shannon (2020 NY Slip Op 07829)





People v Shannon


2020 NY Slip Op 07829


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, WINSLOW, AND DEJOSEPH, JJ.


1248 KA 18-00591

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KASEAN L. SHANNON, ALSO KNOWN AS KASEAN SHANNON, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JAMES M. SPECYAL OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered July 17, 2015. The judgment convicted defendant upon his plea of guilty of sexual abuse in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of sexual abuse in the first degree (Penal Law § 130.65 [2]) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of, inter alia, attempted rape in the first degree (§§ 110.00, 130.35 [2]) and incest in the third degree (§ 255.25). As a preliminary matter, we note that the People correctly concede in both appeals that defendant's waiver of the right to appeal is invalid (see People v Thomas, 34 NY3d 545, 553-556, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]).
Contrary to defendant's contention in both appeals, County Court did not abuse its discretion in failing to order sua sponte a competency hearing pursuant to CPL 730.30 (1) during the sentencing proceeding. The fact that the presentence report reflected defendant's history of mental illness did not by itself call into question defendant's competence (see People v Chapman, 179 AD3d 1526, 1527 [4th Dept 2020], lv denied 35 NY3d 968 [2020]; People v Duffy, 119 AD3d 1231, 1233 [3d Dept 2014], lv denied 24 NY3d 1043 [2014], citing People v Tortorici, 92 NY2d 757, 765 [1999], cert denied 528 US 834 [1999]). Here, the court did not receive any "information which, objectively considered, should reasonably have raised a doubt about defendant's competency and alerted [it] to the possibility that defendant could neither understand the proceedings or appreciate their significance, nor rationally aid his attorney in [the] defense" (People v Winebrenner, 96 AD3d 1615, 1616 [4th Dept 2012], lv denied 19 NY3d 1029 [2012] [internal quotation marks omitted]). The court therefore did not have " 'reasonable ground[s] . . . to believe that the defendant was an incapacitated person,' " and so it was "under no obligation to issue an order of examination" (People v Morgan, 87 NY2d 878, 880 [1995]).
Finally, we conclude that the sentence in each appeal is not unduly harsh or severe, particularly given that the court imposed concurrent sentences of incarceration, four of which were imposed for sexual crimes against four separate victims on four separate dates. Thus, we conclude that "[t]he mitigating factors that defendant proffers in his brief are unexceptional, and they are more than fully accounted for by the agreed-upon, midrange sentence imposed" by the court (People v Wellington, 158 AD3d 1269, 1269 [4th Dept 2018], lv denied 31 NY3d 1018 [2018]).
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court