People v Robinson (2024 NY Slip Op 01631)

People v Robinson

2024 NY Slip Op 01631

Decided on March 22, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, OGDEN, DELCONTE, AND KEANE, JJ.

116 KA 23-00856

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOHN ROBINSON, DEFENDANT-APPELLANT. 

HAYDEN M. DADD, CONFLICT DEFENDER, GENESEO (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Livingston County Court (Kevin Van Allen, J.), rendered January 18, 2023. The judgment convicted defendant, upon his plea of guilty, of attempted assault in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of two counts of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [3]). The charges arose from an incident in which defendant, while incarcerated at the Groveland Correctional Facility, assaulted two correction officers.
Defendant first contends that County Court abused its discretion in failing, sua sponte, to order a competency examination pursuant to CPL 730.30 (1), inasmuch as, prior to the altercation with the correction officers, he expressed suicidal thoughts and a desire to fight the officers and wrongly asserted that he had a 99-year sentence, and, at sentencing, he acted obstinately and engaged in a diatribe. Preliminarily, we note "that the issue of competency to stand trial may be raised on appeal despite the absence of any objection to the . . . court's failure to cause the defendant to be examined" (People v Winebrenner, 96 AD3d 1615, 1615 [4th Dept 2012], lv denied 19 NY3d 1029 [2012] [internal quotation marks omitted]).
With respect to the merits of defendant's contention, " '[i]t is fundamental that the trial of a criminal defendant while he is mentally incompetent violates due process' " (id. at 1616). However, a defendant in a criminal proceeding "is presumed to be competent" (People v Tortorici, 92 NY2d 757, 765 [1999]), and, thus, it is only when " 'the court wherein the criminal action is pending . . . is of the opinion that the defendant may be an incapacitated person' " that it must order a competency evaluation (id. at 765-766, quoting CPL 730.30 [1]). "The determination of whether to order a competency hearing lies within the sound discretion of the trial court," and "[t]he sole issue [on appeal] is whether the trial court abused that discretion, not whether it might have been reasonable to order a hearing" (id. at 766). In reviewing a trial court's determination for an abuse of discretion, "[t]he test to be applied has been formulated as follows: 'Did the . . . judge receive information which, objectively considered, should reasonably have raised a doubt about [the] defendant's competency and alerted [the judge] to the possibility that the defendant could neither understand the proceedings or appreciate their significance, nor rationally aid [the defendant's] attorney in [the] defense' " (Winebrenner, 96 AD3d at 1616). Here, we agree with the People that there is no indication in the record that defendant "was unable to understand the proceedings or that he was mentally incompetent at the time he entered his guilty plea" (People v Williams, 35 AD3d 1273, 1275 [4th Dept 2006], lv denied 8 NY3d 928 [2007]). Neither defendant's emotional outburst during sentencing nor the evidence that at the time of the assault he was suicidal, violent, or untruthful calls into question defendant's competence to proceed, particularly where, as here, defendant was able to appropriately answer the court's questions and neither defense counsel nor the People requested a [*2]competency evaluation (see People v Chapman, 179 AD3d 1526, 1527 [4th Dept 2020], lv denied 35 NY3d 968 [2020]).
Defendant next contends that the court did not make sufficient inquiry as to the People's actual readiness for trial under CPL 30.30 (5), inasmuch as, although the People indicated their readiness for trial, they had not turned over disciplinary records for the officers involved in the underlying incident and had therefore failed to comply with their disclosure obligations under CPL 245.20 (1) (k) (iv). Defendant's statutory speedy trial contention is not preserved for appellate review "because he never moved to dismiss the indictment on that ground" (People v Valentin, 183 AD3d 1271, 1272 [4th Dept 2020], lv denied 35 NY3d 1049 [2020]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). Moreover, we conclude that, "[b]y subsequently pleading guilty, . . . defendant forfeited [his] contention [relating to the People's disclosure obligations] because 'the forfeiture occasioned by a guilty plea extends to claims premised upon, inter alia, . . . motions relating to discovery' " (People v Smith, 217 AD3d 1578, 1578 [4th Dept 2023]).
Defendant also failed to preserve for our review his challenge to the voluntariness of his plea, because he did not move to withdraw the plea or to vacate the judgment of conviction (see People v Shanley, 189 AD3d 2108, 2108 [4th Dept 2020], lv denied 36 NY3d 1100 [2021]). This case does not fall within the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666 [1988]). Indeed, nothing defendant said during the plea colloquy cast "significant doubt" on defendant's guilt or otherwise called into question the voluntariness of the plea, and the court therefore had no duty to conduct further inquiry with respect to the plea (id.). Contrary to defendant's contention, "a trial court has no duty, in the absence of a motion to withdraw a guilty plea, to conduct a further inquiry concerning the plea's voluntariness 'based upon comments made by [the] defendant during . . . sentencing' " (People v Brown, 204 AD3d 1519, 1519 [4th Dept 2022], lv denied 38 NY3d 1069 [2022]).
Finally, we reject defendant's contention that the sentence is unduly harsh and severe.
Entered: March 22, 2024
Ann Dillon Flynn
Clerk of the Court